STATE OF NORTH CAROLINA v. DONALD FREDERICK FAULKNER AND
ARTHUR SMITH

No. 6926SC235

(Filed 18 June 1969)

1. **Criminal Law § 75— voluntariness of statements — illegal arrest**
     Statements made by a person in custody as a result of an illegal arrest are not *ipso facto* involuntary and inadmissible.

2. **Criminal Law § 76— voluntariness of statements — findings of fact**
     In armed robbery prosecution, trial court's findings of fact and conclusions of law as to the voluntariness of defendants' statements *are held* amply supported by the evidence and, when viewed in the totality of the circumstances, their admission was not error.

3. **Constitutional Law § 31; Criminal Law § 95— joint trial of defendants — confessions — waiver of objection**
     Where each defendant in a joint trial takes the stand and subjects himself to cross examination by the other, the defendants waive the ob-

jection that it was error to introduce their confessions which implicated each other.

**4. Witnesses § 8;　Criminal Law § 88——　cross-examination — nature and extent**

Right of cross-examination is accorded to defendants when they are brought face to face with each other on the witness stand.

**5. Witnesses § 8;　Criminal Law § 88——　right of cross-examination**

The right to cross-examine does not mean that the cross-examination must produce that which is favorable.

**6. Robbery § 1——　common law robbery — elements**

Common law robbery is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear.

**7. Robbery § 1——　armed robbery**

G.S. 14-87 does not add to or subtract from the common law offense of robbery except to provide that when firearms or other dangerous weapons are used in the commission or attempted commission of the offense sentence shall be imposed as therein directed.

**8. Robbery § 1——　pistol defined**

A pistol is a short firearm, intended to be aimed and fired from one hand.

**9. Robbery § 1——　gun defined**

A gun is a portable firearm and usually includes pistols, carbines, rifles and shot guns.

**10. Robbery § 5——　armed robbery — instruction on lesser degree of crime**

In armed robbery prosecution, trial judge was required, without a request from the defendants, to charge the jury that they could return a verdict of guilty of the lesser included offense of common law robbery where State's witness had testified on cross-examination that she was not certain whether defendants used a real pistol or a toy pistol in the commission of the robbery.

**11. Robbery § 1——　armed robbery — nature of the offense — use of firearms**

The actual possession and use or threatened use of firearms or other dangerous weapon is necessary to constitute the offense of robbery with firearms or other dangerous weapon.

**12. Robbery § 5——　armed robbery — use of firearm or toy — jury questions**

In armed robbery prosecution, where the State's witness testified on cross-examination that she was not certain whether the defendants used a real pistol or a toy pistol in the commission of the robbery, whether the "weapon" was a firearm or a toy pistol, and if a toy pistol, whether it was a dangerous weapon, *held* questions for the jury under proper instructions.

APPEAL by defendants from *Falls, J.,* 2 December 1968 Schedule A Session of Superior Court of MECKLENBURG County.

The defendants were tried upon a proper bill of indictment which charged them with the armed robbery of the Frances Meat and Grocery, a business owned by Robert Neal, at 2820 Statesville Avenue, Charlotte, North Carolina. The robbery took place on 28 October 1968 and a total of $210.52 in currency and coin was taken. Upon the call of the case for trial, the defendants pleaded not guilty and trial was by jury.

The evidence for the State tended to show that the two defendants at about 6:30 P.M. on the night of 28 October 1968 entered the Frances Meat and Grocery while the cashier was alone in the store. Defendant Faulkner had a gun and after a tussle, the cashier was struck on the head with the pistol. A customer came in and was forced to the rear of the store. Faulkner then, by threats, forced the cashier to open the cash register. Defendant Smith took all the money out of the register and stuffed it in his coat pocket. Another customer then entered the store, and he too was forced to go to the rear of the store. The defendants left the store through the front door. The cashier and the two customers identified the defendant Faulkner as one of the men who had committed the robbery, and the cashier and one of the customers identified defendant Smith as one of the men who had committed the robbery. Detective H. R. Smith of the Charlotte Police Department testified that at his request defendant Faulkner was taken into custody at 4:00 A.M. on the morning of 5 November 1968. He was placed in jail where he remained until approximately 7:30 A.M. when Detective Smith took him from the jail to the detective bureau in the Police Department where defendant Faulkner was informed of his constitutional rights. At 7:35 A.M. Faulkner signed a waiver of his right to counsel. About a half hour later Faulkner admitted his participation in the crime. Faulkner's statement implicated defendant Smith who was arrested with a warrant at about 11:30 A.M. the same morning. The defendant Smith also signed a waiver of his right to counsel, and made a statement admitting his participation in the crime after being questioned for about an hour. Smith's statement implicated defendant Faulkner.

At the trial both defendants testified and denied their participation in the crime alleged and stated that they had not made the statements attributed to them. Defendant Smith introduced evidence to show that he was home at the time of the robbery. Defendant Faulkner introduced evidence to show that he was at the Sportsman's Boxing Club at the time of the robbery.

The jury returned a verdict of "Guilty as charged in the Bill of Indictment" as to both defendants. From a judgment sentencing them to "not less than twenty-nine (29), nor more than thirty (30) years," the defendants appeal to the Court of Appeals, assigning error.

*Attorney General Robert Morgan and Staff Attorney Richard N. League for the State.*

*Arthur Goodman, Jr., for defendant Faulkner.*

*Franklin L. Teague for defendant Arthur Smith.*

MALLARD, C.J.

At the trial when the confessions of the defendants were sought to be introduced into evidence, the trial court held a *voir dire* as to their admissibility and made the following findings of fact and conclusion of law:

"Based upon the foregoing testimony, this court finds as a fact that the defendant, Donald Fredrick Faulkner and the defendant Arthur Smith were advised of their right to remain silent, that anything that either of the defendants . . . that anything that the defendant said could be used against him in a court of law; thirdly, that he has the right to remain silent, I mean, has the right to the presence of an attorney during the questioning and that if he could not afford an attorney that one would be provided for him at no cost, and that any statement which either of the defendants made to the witness were knowingly, and intelligently, understandingly and voluntarily made."

G.S. 15-41 dealing with when an officer may arrest without a warrant provides in part:

"(2) When the officer has reasonable ground to believe that the person to be arrested has committed a felony and will evade arrest if not immediately taken into custody."

[1] Conceding without deciding that the arrest of defendant Faulkner at 4:00 A.M. was illegal, it has little bearing on the decision in this case. In the case of *State v. Moore,* 275 N.C. 141, 166 S.E. 2d 53 (1969), we find the following language:

"We condemn any illegal act by police officers. However, when viewed in the narrow field of voluntary confession, we fail to see why an illegal arrest — unaccompanied by violent or oppressive circumstances — would be more coercive than a legal arrest.

Both reason and weight of authority lead us to hold that every statement made by a person in custody as a result of an illegal arrest is not *ipso facto* involuntary and inadmissible, but the facts and circumstances surrounding such arrest and the in-custody statement should be considered in determining whether the statement is voluntary and admissible. Voluntariness remains as the test of admissibility."

[2]    In the present case, the findings of fact and conclusion of law as to the voluntariness of the statements of the defendants are amply supported by the evidence and when viewed in the totality of the circumstances of this case we hold that their admission was not error. See *Frazier v. Cupp*, 394 U.S. 731, 22 L. Ed. 2d 684, 89 S. Ct. 1420, (1969). See also *State v. Vickers*, 274 N.C. 311, 163 S.E. 2d 481 (1968). However, since there were three witnesses who saw the crime committed, it may be that the Solicitor will not deem it expedient to attempt to use these statements, as such, on the new trial.

[3]    The defendants contend that it was error to permit the State "to introduce the confessions of both defendants in a joint trial where the confession of each implicated the other." The defendants, by going upon the witness stand and subjecting themselves to cross-examination by the other, waived this objection. In *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492 (1968), there appears the following:

"The result is that in joint trials of defendants it is necessary to exclude extra-judicial confessions unless all portions which implicate defendants other than the declarant can be deleted without prejudice either to the State or declarant. If such deletion is not possible, the State must choose between relinquishing the confession or trying the defendants separately. The foregoing pronouncement presupposes (1) that the confession is inadmissible as to the codefendant . . . and (2) that the declarant will not take the stand. *If the declarant can be cross-examined, a codefendant has been accorded his right to confrontation.*" (Emphasis added).

[4, 5]    In this case, both defendants later took the stand and were accorded their right to confrontation. Defendants cite no authority supporting their contention. However, the defendants say that both of them denied having made the confession and "if cross-examination can produce nothing more than a denial by the witness that he made the statement at all, then there is no cross-examination." Defendants were brought face-to-face with each other on the witness stand. Each had the right to cross-examine the other. The right to cross-examine does not mean that the cross-examination must produce that which

is favorable. It is common knowledge that it frequently produces unfavorable results.

**[6, 7]**    The trial judge instructed the jury that they could find each defendant guilty of armed robbery as charged or not guilty. Each of the defendants contend that the trial judge committed prejudicial error in failing to submit the lesser offense of common-law robbery. Robbery at common law is defined as "the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear." *State v. Bell*, 228 N.C. 659, 46 S.E. 2d 834 (1948). The statute G.S. 14-87 "does not add to or subtract from the common-law offense of robbery except to provide that when firearms or other dangerous weapons are used in the commission or attempted commission of the offense, sentence shall be imposed as therein directed." *State v. Jones*, 227 N.C. 402, 42 S.E. 2d 465 (1947).

In the case of *State v. Davis*, 242 N.C. 476, 87 S.E. 2d 906 (1955), it is said:

> "An indictment for robbery with firearms will support a conviction of a lesser offense such as common law robbery, assault with a deadly weapon, larceny from the person, simple larceny or simple assault, if a verdict for the included or lesser offense is supported by the evidence on the trial. *S. v. Bell*, 228 N.C. 659, 46 S.E. 2d 834; *S. v. Holt*, 192 N.C. 490, 135 S.E. 324."

In the case of *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545 (1954) it is said:

> "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice."

The defendants' evidence was that they did not participate in any robbery and that they were at another place at the time the crime was committed. Each defendant testified and offered evidence tending to corroborate him in his testimony that he was at another place at the time the robbery occurred. In the evidence of the defendants

there is nothing that would require the judge to charge on any lesser offense.

The State's evidence tended to show by three witnesses and the confession of each of the defendants that the two defendants robbed the cashier with a pistol. State's witness Smith testified that the defendant Arthur Smith told him that defendant Donald Faulkner got a "Roscoe" at a poolroom, and that Donald Faulkner told him that "he pulled a gun out of his pocket and hit the woman on the head."

[8, 9]    A pistol is sometimes referred to as a "Roscoe." A pistol is a "short firearm, intended to be aimed and fired from one hand." Black's Law Dictionary, Fourth Edition. A gun is a portable firearm and usually includes pistols, carbines, rifles, and shotguns.

[10]    The State's witness Pearline Anthony testified that the defendant Faulkner hit her on the side of the head with a pistol. On cross-examination she stated, "I couldn't be certain whether this was a real pistol or a toy pistol. It just looked like a pistol." The State's other two witnesses to the robbery testified that the defendant Faulkner had a .22 caliber pistol. This testimony of the State's witness Anthony that she couldn't be certain whether it was a real pistol or a toy pistol relates to a material element of the crime of armed robbery. This testimony is in conflict with the other testimony of this same witness that it was a pistol and required the judge, without a request from the defendants, to also charge the jury that they could return a verdict of guilty of the lesser included offense of common-law robbery. It was prejudicial error to fail to do so. If one of the witnesses could not tell whether it was a pistol or a toy, the jury should determine this conflict in the State's evidence.

[11, 12]    The actual possession and use or threatened use of firearms or other dangerous weapon is necessary to constitute the offense of robbery with firearms or other dangerous weapon. Whether it was a firearm or a toy pistol, and if a toy pistol, whether it was a dangerous weapon, were questions for the jury under proper instructions. *State v. Keller,* 214 N.C. 447, 199 S.E. 620 (1938). See annotation in 61 A.L.R. 2d 996, entitled "Robbery — Toy or Simulated Gun."

Defendants make other assignments of error, but since the case goes back for a new trial, we do not deem it necessary to discuss them.

New trial.

BRITT and PARKER, JJ., concur.