STATE OF NORTH CAROLINA v. ROSCOE B. DAVIS

No. 7621SC387

(Filed 1 December 1976)

**1. Robbery § 5— robbery with firearm — failure to instruct on lesser offense — no error**

In a prosecution for robbery with a firearm, defendant was not entitled to an instruction on the lesser included offense of assault with a deadly weapon on the basis of an incident which occurred 15 minutes prior to the incident on which the indictment was based.

**2. Criminal Law §§ 145, 154— unnecessary record on appeal — cost of printing taxed to attorney**

Where two defendants charged with the same crime appealed and there were two records on appeal, counsel is personally taxed with the costs of printing the unnecessary record on appeal.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 23 January 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 September 1976.

State v. Davis

Defendant and codefendant John Wilson were indicted for robbery with a firearm. The facts are fully set forth in the companion case, *State v. Wilson*, 31 N.C. App. 323, _ . S.E. 2d _ . (1976).

Defendant was found guilty as charged and appeals.

*Attorney General Edmisten by Associate Attorney Sandra M. King, for the State.*

*Walter Ray Vernon, Jr., for defendant appellant.*

CLARK, Judge.

[1]  Defendant first assigns error to the failure of the trial court to charge on the offense of assault with a deadly weapon.

Assault with a deadly weapon is a lesser included offense of the crime of robbery by firearm. *State v. Faulkner,* 5 N.C. App. 113, 168 S.E. 2d 9 (1969). The trial judge is required to charge on a lesser included offense only when there is evidence to support such verdict. *State v. Griffin,* 280 N.C. 142, 185 S.E. 2d 149 (1971). When the State's evidence tends to show an offense, there is no conflicting evidence relating to elements of the offense, and the only offense committed, if any, was the one charged, the court is not required to instruct on lesser included offenses. *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954).

Defendant contends that he was entitled to an instruction on assault with a deadly weapon on the basis of an incident which occurred as he and Porter, the prosecuting witness, were walking to Jones' house. At that time defendant allegedly hit Porter on the shoulders with a shotgun. This incident was separated in time and space from the one for which defendant was indicted. The incident on which the indictment was based occurred at least fifteen minutes after the alleged assault with the gun and occurred inside Porter's house. Porter and Davis had separated, and Porter was alone when Davis and Wilson entered his house and robbed him. We know of no requirement that the State must try a defendant on every possible offense that he has ever committed against the prosecuting witness. Defendant's reliance upon *Hicks* for this proposition is misplaced.

The evidence in the record tends to show a completed armed robbery. There was no conflicting evidence on the ele-

ments of that crime. Under the rule enunciated in *Hicks,* the defendant was not entitled to an instruction on the crime of assault with a deadly weapon. We find no merit in this assignment of error.

Defendant's other assignment of error was not argued in his brief and is deemed abandoned. N. C. R. App. P. 28(a).

[2] We note that although both defendants appealed, there were two records on appeal. This is in violation of Rule 11(d), N. C. Rules of Appellate Procedure, and counsel personally will be taxed with the costs of printing the unnecessary record on appeal.

No error.

Judges BRITT and PARKER concur.