STATE OF NORTH CAROLINA v. DAVID MICHAEL REILLY

No. 656A84

(Filed 7 May 1985)

**Criminal Law § 146— appeal based on dissent in Court of Appeals—question presented**

　　　Where defendant's appeal was grounded solely on a dissent in the Court of Appeals, the dissent disagreed only with the majority's treatment of the second question presented to that court, and defendant did not petition the Supreme Court for discretionary review of the other questions, only the second question was properly before the Supreme Court for review.

APPEAL pursuant to N.C.G.S. § 7A-30(2) by defendant from a decision of the Court of Appeals, one judge dissenting, in which a majority of the panel found no error in defendant's convictions of felonious breaking and felonious larceny at the 15 April 1983 Criminal Session of Superior Court in WATAUGA County, *Judge*

*Friday* presiding. The Court of Appeals' decision is reported at 71 N.C. App. 1, 321 S.E. 2d 564 (1984).

*Lacy H. Thornburg, Attorney General, by Newton G. Pritchett, Jr., Assistant Attorney General, for the state.*

*Scott E. Jarvis for defendant appellant.*

PER CURIAM.

Defendant brought forward three questions to the Court of Appeals: (1) Was the evidence sufficient to be submitted to the jury on the question of defendant's guilt? (2) Did the trial court err in failing to give an instruction on how the jury should consider certain fingerprint evidence? (3) Did the trial court err in permitting certain questions relating to religious affiliation on cross-examination of defendant's alibi witnesses? Defendant attempts to bring forward these same three questions to this Court in his brief filed here.

The dissent in the Court of Appeals disagreed only with the majority's treatment of the second question presented to that court. Defendant did not petition this Court for discretionary review of the other questions. Defendant's appeal is grounded solely on the dissent in the Court of Appeals. Therefore, on this appeal, only the second question is properly before us for review, notwithstanding defendant's attempt to bring forward the first and third questions in his brief to this Court. App. R. 16(b).

Nonetheless, since the first question involves the sufficiency of the evidence on the question of guilt, we have, "to prevent manifest injustice" pursuant to App. R. 2, considered it. We have not considered the third question. The decision of the Court of Appeals on the third question stands unreviewed. On the first and second questions the decision of the Court of Appeals is

Affirmed.