STATE OF NORTH CAROLINA v. ANTHONY JARRETT

No. COA03-1248

(Filed 7 December 2004)

### 1. Robbery— threatened use of gun—evidence sufficient

There was sufficient evidence of armed robbery where the victims of two robberies testified that defendant stated that he had a gun while demanding money and that they each complied with defendant's command and gave him money believing that he had a gun.

### 2. Robbery— instructions—threatened use of gun

The trial court did not err by instructing the jury that an armed robbery defendant could be found guilty without finding that he actually possessed a firearm. The clear language of N.C.G.S. § 14-87 makes clear that the threatened use of a firearm is sufficient, and the court's instruction here was substantially similar to the pattern jury instruction.

Appeal by defendant from judgment dated 26 March 2003 and from an amended judgment dated 10 June 2003 by Judge J. Gentry Caudill in Gaston County Superior Court. Heard in the Court of Appeals 25 August 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Spurgeon Fields, III, for the State.*

*Michael E. Casterline for defendant-appellant.*

BRYANT, Judge.

Anthony Bernard Jarrett (defendant) appeals a judgment dated 26 March 2003 and an amended judgment dated 10 June 2003 entered consistent with jury verdicts finding him guilty of two counts of robbery with a firearm and two counts of having attained the status of habitual felon.

STATE v. JARRETT

[167 N.C. App. 331 (2004)]

The State's evidence tended to show the following: At approximately 2:30 a.m. on the morning of 10 March 2002, Rebecca Sargent (Sargent) was working as a cashier at the Bi-Lo grocery store located at East Franklin Street in Gaston County. Defendant (whom Sargent later identified during a photo line-up and identified in open court) motioned to Sargent that he needed to make a purchase, and placed two candy bars on the conveyer belt. Sargent started to bag the candy bars when defendant told her he had a gun and asked "are you going to give me the money?" Sargent, believing that defendant had a gun, complied with defendant's demand and put the money from her register (approximately $100.00) into a bag and handed the bag to defendant. Defendant fled from the store, and Sargent and other store employees followed defendant to the parking lot. When outside, Sargent saw a red car leaving the parking lot.

At approximately 7:30 a.m. that same day (10 March 2004), James Elrod (Elrod) was working as cashier at the Bi-Lo grocery store located at Davis Road in Gaston County. Defendant (whom Elrod later identified at the scene of defendant's arrest and identified in open court) placed a pack of gum on the conveyer belt for purchase. Elrod accepted money for the purchase of the gum, and gave defendant a purchase receipt. Defendant then stated he had a gun and demanded the money from the register. Elrod, convinced that defendant possessed a gun, complied with defendant's demand and gave defendant the money from the register.

Officer John Terry of the Gastonia Police Department, was on routine patrol at 8:00 a.m. that same morning (10 March 2004) when he spotted a red car, matching the description of a red car used during the commission of the two Bi-Lo robberies. Officer Terry, who spotted the vehicle parked in front of a house, kept watch over the vehicle, and radioed for back-up. While awaiting back-up, Officer Terry observed three black males exiting the house where the car was parked, including one black male who matched the description of the suspect involved in both robberies. Officer Terry exited his patrol car and attempted to arrest defendant, however, defendant was able to escape. Officer Terry continued in pursuit, and again radioed for back-up. Officer Ashley Helms of the Gastonia Police Department arrived at the scene and assisted Officer Terry in apprehending defendant. Upon searching defendant, the officers found on defendant's possession rolled coins, different denominations of money, a package of gum, and a Bi-Lo receipt for gum. A gun was not found on defendant's body nor in the house from which Officer Terry saw defendant exit.

Defendant gave a statement to the police in which he confessed to having committed the robberies, but denied actually possessing a gun during commission of the robberies. At trial, defendant did not present any evidence.

The issues on appeal are whether: (I) the convictions must be vacated because the State failed to demonstrate defendant actually possessed a gun (firearm) during the commission of the robberies; and (II) the trial court erred by instructing the jury that defendant could be found guilty without finding he actually possessed a gun (firearm).

I

[1] First, defendant argues that the convictions must be vacated because the State failed to offer evidence that defendant actually possessed a firearm during the commission of the robberies.

Defendant was indicted for and found guilty of violating N.C. Gen. Stat. § 14-87 which provides:

(a) Any person or persons who, having in possession or with the use **or threatened use of any firearms** or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.

N.C.G.S. § 14-87(a) (2003) (emphasis added).

Defendant argues that the State was required to prove beyond a reasonable doubt that defendant actually possessed a firearm during the commission of the robberies; however, defendant's argument clearly ignores the disjunctive construction of this statute. "To obtain a conviction for armed robbery, it is not necessary for the State to prove that the defendant displayed the firearm to the victim. . . . The State need only prove that the defendant represented he had a firearm and that circumstances led the victim reasonably to believe the defendant had a firearm and might use it." *State v. Lee*, 128 N.C. App. 506, 510, 495 S.E.2d 373, 376 (1998) ("The State need only prove that the defendant represented that he had a firearm and that circumstances led the victim reasonably to believe that the defendant

had a firearm and might use it."); *see State v. Williams*, 335 N.C. 518, 521, 438 S.E.2d 727, 728-29 (1994) (concluding that defendant's verbal representations that he had a firearm and would shoot the victims entitled the State to a presumption that the defendant used a firearm); *see also State v. Bartley*, 156 N.C. App. 490, 496, 577 S.E.2d 319, 323 (2003) ("Where the evidence tends to show that the 'victim reasonably believed that the defendant possessed, or used or threatened to use a firearm in the perpetration of the crime,' . . . the result should be the same whether a defendant verbally stated he had a firearm or . . . visually indicated he had a firearm, even when the victim did not actually see a firearm.") (citation omitted).

Defendant cites to *State v. Faulkner*, 5 N.C. App. 113, 119, 168 S.E.2d 9, 13 (1969), in support of his argument that N.C. Gen. Stat. § 14-87 requires that defendant must actually possess a firearm during the commission of a robbery, however, more recent case law articulated in *Lee* and *Bartley*, and N.C. Gen. Stat. § 14-87, make clear threatened use of a firearm is sufficient to sustain a conviction under the statute. In addition, this Court in *State v. Jarrett*, 137 N.C. App. 256, 527 S.E.2d 693 (2000), distinguished *Faulkner* as follows:

> Defendant cites *State v. Faulkner*, 5 N.C. App. 113, 168 S.E.2d 9 (1969) in support of her argument that the trial court erred in instructing the jury with respect to constructive possession. In *Faulkner*, this Court wrote that "actual possession and use or threatened use of firearms or other dangerous weapon is necessary to constitute the offense of robbery with firearms or other dangerous weapon." *Id.* at 119, 168 S.E.2d at 13. In *Faulkner*, however, the issue involved the nature of the alleged weapon, i.e., whether it was real or a toy, rather than the spatial relationship of the defendant to the weapon.

*Jarrett*, 137 N.C. App. at 265, 527 S.E.2d at 699. Thus, the issue presented in *Faulkner* concerned whether the alleged weapon was real or a toy, a different issue from the one presented in the instant case.

Here, both victims of the robberies (Sargent and Elrod) testified that defendant stated, while demanding money, that he had a gun and that each victim complied with defendant's command and gave him money believing that defendant possessed a gun. This Court has explicitly held:

> Proof of armed robbery requires that the victim reasonably believed that the defendant possessed, or used or threatened to

use a firearm in the perpetration of the crime. *State v. Thompson*, 297 N.C. 285, 289, 254 S.E.2d 526, 528 (1979). The State need only prove that the defendant represented that he had a firearm and that circumstances led the victim reasonably to believe that the defendant had a firearm and might use it. *State v. Williams*, 335 N.C. 518, 522, 438 S.E.2d 727, 729 (1994).

*Lee*, 128 N.C. App. at 510, 495 S.E.2d at 376. Accordingly, this assignment of error is overruled.

II

**[2]** Second, defendant argues that the trial court erred by instructing the jury that defendant could be found guilty without finding he actually possessed a firearm.

The trial court instructed the jury as to the following:

Now, I charge that for you to find the defendant guilty of robbery with a dangerous weapon, the State must prove seven things beyond a reasonable doubt:

. . .

Sixth, the defendant had a dangerous weapon in his possession at the time he obtained the property or that it reasonably appeared to the victim that a dangerous weapon was being used, in which case you may infer, but you are not required to infer, that said instrument was what the defendant's conduct represented it to be.

As stated in Issue I *supra*, the clear language of N.C. Gen. Stat. § 14-87, makes clear the threatened use of a firearm is sufficient to sustain a conviction under the statute. Moreover, the trial court's instruction is substantially similar to the pattern jury instruction for robbery with a firearm pursuant to N.C. Gen. Stat. § 14-87. The pattern jury instruction provides in pertinent part:

The defendant has been charged with robbery with a firearm . . . .

For you to find the defendant guilty of this offense, the State must prove seven things beyond a reasonable doubt:

. . .

Sixth, that the defendant had a firearm in his possession at the time he obtained the property (or that it reasonably appeared to

ANSON CTY. CITIZENS v. N.C. DEP'T OF ENV'T. & NATURAL RES.

[167 N.C. App. 341 (2004)]

the victim that a firearm was being used, in which case you may infer that the said instrument was what the defendant's conduct represented it to be).

N.C.P.I.—Crim. 217.20 (2003). This assignment of error is overruled.

No error.

Judges HUDSON and TYSON concur.