Justice JACKSON dissenting.
When bank employees resist robbery attempts, tragedy often results. The policy that bank employees should comply with a robber's demands has protected countless lives. Here, because no one resisted defendant's **198 threat, no one was injured. Law enforcement eventually apprehended defendant, and the grand jury issued an indictment that notified defendant of the charge against him. Based upon this indictment, defendant was able to prepare adequately for trial. The jury considered the evidence and convicted defendant. Now, the majority sets aside the jury's verdict based upon an alleged error in wording. The indictment charging defendant with the offense of robbery with a dangerous weapon was sufficient to confer jurisdiction upon the trial court because the indictment clearly notified defendant of the charge against him, thus allowing him ample opportunity to prepare a defense. Accordingly, I respectfully dissent from the majority opinion.
In this case the indictment alleged that defendant:
[u]nlawfully, willfully and feloniously did steal, take and carry away another's personal property, U.S. Money from PNC Financial Services Group, Inc. ... when a bank employee, Stacy Phillips[,] was present. The defendant committed this act by way of it reasonably appearing to the victim[,] Stacy Phillips[,] that a dangerous weapon was in the defendant's possession, being used and threatened to be used by communicating that he was armed to her in a note with demands and instructions for her to complete, whereby the life of Stacy Phillips was threatened and endangered.
The majority holds that the indictment "clearly alleges that defendant unlawfully took the personal property of another while threatening the life of the victim" but is nonetheless "fatally defective because it did not sufficiently allege all of the essential elements of the offense of robbery with a dangerous weapon." Specifically, the majority notes that the indictment fails to "adequately allege[ ] the possession, use or threatened use of firearms or other dangerous weapon, implement or means." In reaching this conclusion, the majority essentially holds that the indictment is only sufficient to support the lesser included offense of common law robbery.
Unlike common law robbery, the offense of robbery with a dangerous weapon requires the use or threatened use of a dangerous weapon. According to section 14-87(a) :
Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened , unlawfully takes or **199 attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.
N.C.G.S. § 14-87(a) (2015) (emphases added). "The critical and essential difference between" the offense set forth in N.C.G.S. § 14-87 -robbery with a dangerous weapon *512 or armed robbery-and common law robbery is that for a jury to find a defendant guilty of armed robbery, "the victim must be endangered or threatened by the use or threatened use of a 'firearm or other dangerous weapon, implement or means.' " State v. Bailey , 278 N.C. 80, 87, 178 S.E.2d 809, 813 (1971) (emphasis added) (quoting State v. Covington , 273 N.C. 690, 700, 161 S.E.2d 140, 147 (1968) ). If the threatened use of a dangerous weapon is sufficient to sustain a conviction for the offense, then the same allegation must be sufficient to place defendant on notice of that same charged offense. To rule otherwise seems to create the classic chicken and egg dilemma. How can the State convict a person of a crime for which he cannot be indicted? Adopting the majority's logic would inhibit, if not outright prohibit, such prosecutions. This cannot be what the legislature intended.
In so doing, the majority also discounts the effect of this threat upon the person subjected to such a threat-an effect specifically contemplated by both the statute and our precedent. Our cases make clear that it is not only the possession of a weapon that meets the threshold for robbery with a dangerous weapon but also the threat resulting from such possession, whether real or merely implied. As we noted in State v. Williams , there is a presumption that (1) a defendant has used a firearm or other dangerous weapon when he commits a robbery by the use or threatened use of an implement which appears to be a firearm or other dangerous weapon, and (2) such conduct endangered or threated the victim's life. 335 N.C. 518, 520-21, 438 S.E.2d 727, 728 (1994) ; see also State v. Thompson , 297 N.C. 285, 288-89, 254 S.E.2d 526, 528 (1979). The presumption may be rebutted with a showing of "some evidence" that the victim was not endangered or threatened, at which point a permissive inference survives. Williams , 335 N.C. at 521, 438 S.E.2d at 729 (emphasis omitted) (quoting State v. White , 300 N.C. 494, 507, 268 S.E.2d 481, 489 (1980) ).
Our case law addressing the purpose of indictments is both long-standing and clear. As the majority opinion correctly notes, and thoroughly discusses, the fundamental purpose of an indictment is to place **200 a criminal defendant on notice of the charges being brought against him in order to allow him to prepare an adequate defense. In short, the indictment notifies defendant of the charge against him; the jury determines if the evidence is adequate to support the charge. The information provided in the indictment-including the reference to section 14-87-clearly was sufficient to place defendant on notice that he was being tried for robbery with a dangerous weapon and that the gravamen of his offense was the bank employee's reasonable apprehension based upon the note he showed her stating that he was armed.
The majority cites our previous decision in State v. Palmer for the proposition that an indictment alleging the use of a dangerous weapon must "name the weapon." Palmer , 293 N.C. 633, 639, 239 S.E.2d 406, 411 (1977). Palmer does require an indictment for assault with a deadly weapon to identify a particular weapon; however, I am troubled by the analytical framework set forth in Palmer in that it appears to be inconsistent with the long-standing precedents of this Court and places significant reliance upon a case that depended in large part on a legal treatise for the foundation of its legal analysis. See id. at 639-40, 239 S.E.2d at 410-11.
Palmer actually concerned the sufficiency of an indictment for assault with a deadly weapon-a wholly different statute than the one at issue here. Therefore, Palmer 's utility in analyzing this case is of limited value. Moreover, there are three additional reasons Palmer should not guide our inquiry in this case. First, Palmer stated that indictments for crimes involving the use of a deadly weapon must "name the weapon," 293 N.C. at 639, 239 S.E.2d at 411, but, to the extent that this rule applied to statutes other than the one at issue in Palmer , that requirement was dictum. In addition, Palmer based its rule on a case that relied substantially on an entry from Corpus Juris Secundum (C.J.S.). See id. at 639, 239 S.E.2d at 410-11 (quoting State v. Wiggs , 269 N.C. 507, 513, 153 S.E.2d 84, 89 (1967) ). But legal treatise entries are not binding authority on this Court-nor should they be-so the source of Palmer 's rule is troubling. Finally, a review of the pertinent C.J.S. entry quoted in Palmer fails *513 to support the rule that Palmer set forth. That C.J.S. entry suggests only that an indictment must either (1) name the weapon (if its dangerous or deadly nature is obvious), (2) assert that a dangerous or deadly weapon was used, or (3) state enough facts to show that the weapon was deadly or dangerous. For all these reasons, we should not extend Palmer 's dictum to cover the statute at issue here.
Because Palmer is inconsistent with Williams and its forebears and progeny, however, Palmer has erroneously engrafted a requirement **201 not included within the plain meaning of the words of the assault with a deadly weapon statute. Therefore, I cannot agree with the majority's determination that it is appropriate to engraft that same requirement on the statute at issue here-namely, robbery with a dangerous weapon-because the plain meaning of that statute does not include the requirement.
Simply considering the statutory requirements for a conviction for robbery with a dangerous weapon, I find it impossible to conclude that the majority opinion has reached the correct conclusion in this case. In addition, in practice the majority's holding will place a high burden on law enforcement and prosecutors who prepare indictments to ensure that the dangerous weapon actually utilized during the robbery has been located. This seems to be a quantum shift in the jurisprudence of both this Court and our Court of Appeals.[1] According to our current precedents, a serious crime has been committed, but the majority's analysis will make it far more difficult to prosecute these types of offenses in the absence of the actual weapon utilized in the commission of a crime.
For the foregoing reasons, I dissent.
Chief Justice MARTIN and Justice NEWBY join in this dissenting opinion.

See, e.g. , State v. Waters , --- N.C.App. ----, 799 S.E.2d 287, 2017 WL 2118718, at *4 (2017) (unpublished) (holding that a defendant's threat of possessing a bomb, which provoked victim's reasonable belief in the veracity of that threat, was sufficient to overcome the defendant's motion to dismiss a charge of robbery with a dangerous weapon even though police failed to "discover a bomb, evidence of a bomb, or any bomb-making materials"); State v. Jarrett , 167 N.C.App. 336, 337, 341, 607 S.E.2d 661, 662, 664 (2004) (holding no error in the defendant's trial and conviction for robbery with a dangerous weapon even though "[a] gun was not found on defendant's body nor in the house from which [law enforcement] saw defendant exit"), cert. denied , 359 N.C. 324, 611 S.E.2d 840 (2005) ; State v. Coatney , 164 N.C.App. 599, 596 S.E.2d 472, 2004 WL 1191779, at *1, *3 (2004) (unpublished) (concluding that, on a charge of robbery with a dangerous weapon, "the evidence here entitled the State to a mandatory presumption that defendant used a firearm or dangerous weapon and endangered or threatened the victim's life," while noting that police did not recover a gun).