**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4612**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

CHRISTOPHER OMAR HINTON,

              Defendant - Appellant.

**No. 18-4814**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

    v.

TERRY LAVELLE INGRAM,

              Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-cr-00061-BO-1; 5:18-cr-00061-BO-2)

Submitted:  September 30, 2019              Decided:  October 10, 2019

Before AGEE and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina; Jamie L. Vavonese, VAVONESE LAW FIRM, PC, Raleigh, North Carolina, for Appellants. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Omar Hinton and Terry Lavelle Ingram appeal from their respective 120-month sentences imposed by the district court following guilty pleas to possessing firearms and ammunition as convicted felons, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Hinton argues that the district court procedurally erred in calculating his offense level and Sentencing Guidelines range. Ingram argues that the district court failed to adequately explain his sentence. We affirm.

I.

When a defendant is sentenced for unlawfully possessing a firearm, his base offense level is 22 if, in addition to possessing a particular type of firearm, he "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 2K2.1(a)(3) (2016). The Guidelines define a crime of violence as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [("the force clause")], or
>
> (2) is . . . robbery or [other listed crimes ("the enumerated offenses clause")].

USSG § 4B1.2(a); *see* USSG § 2K2.1 cmt. n.1. The district court found that Hinton's prior North Carolina conviction for attempted robbery with a dangerous weapon qualified as a crime of violence and, accordingly, established a base offense level of 22.

"[W]e review de novo whether a defendant's prior offense qualifies as a crime of violence under the . . . [G]uideline[s]." *United States v. Riley*, 856 F.3d 326, 327-28 (4th

3

Cir. 2017). To determine whether a prior conviction qualifies as a crime of violence, a court must apply the categorical approach. *United States v. Flores-Granados*, 783 F.3d 487, 490 (4th Cir. 2015). "Under the categorical approach, the sentencing court must look only to the statutory definitions of the prior offenses and may not look to the particular facts underlying those convictions." *Id.* at 491 (alteration and internal quotation marks omitted). "[A] federal court applying the categorical approach to a state offense is bound by the interpretation of such offense articulated by that state's courts." *United States v. Winston*, 850 F.3d 677, 684 (4th Cir. 2017). In conducting this inquiry, "we focus on the minimum conduct required to sustain a conviction for the state crime, although there must be a realistic probability, not a theoretical possibility, that a state would actually punish that conduct." *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016) (citations and internal quotation marks omitted).

> Under North Carolina law,
>
> [a]ny person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.

N.C. Gen. Stat. § 14-87(a) (2017). We have previously concluded that robbery with a dangerous weapon, in violation of N.C. Gen. Stat. § 14-87, "categorically qualifies as a violent felony under the 'force clause' of the [Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012)]." *United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir.

4

2017); *see United States v. Covington*, 880 F.3d 129, 133 n.1 (4th Cir.) (explaining that we "appl[y] precedents interpreting 'violent felony' under the ACCA and 'crime of violence' under the Guidelines 'interchangeably'"), *cert. denied*, 138 S. Ct. 2588 (2018). We observed that

> North Carolina courts have interpreted Section 14-87 as encompassing four elements: "(1) an unlawful taking or an attempt to take personal property from the person or in the presence of another, (2) by use or threatened use of a firearm or other dangerous weapon, (3) whereby the life of a person is endangered or threatened[,]" and (4) "the defendant had the intent to deprive the owner of [the] property at the time of taking."

*Burns-Johnson*, 864 F.3d at 317 (quoting *State v. Kemmerlin*, 573 S.E.2d 870, 889 (N.C. 2002)). Concluding "that there is not a realistic probability that North Carolina's appellate courts would apply Section 14-87 as encompassing robbery with the unintentional use of a dangerous weapon," we held that robbery with a dangerous weapon satisfied the ACCA's force clause. *Id.* at 320.

Like the completed offense of robbery with a dangerous weapon, attempted robbery with a dangerous weapon is defined in N.C. Gen. Stat. § 14-87 and actually requires as an element the use or threatened use of a firearm or other dangerous weapon. The "attempt" portion of attempted robbery with a dangerous weapon refers to the taking of property, not to the use or threat of force. To prove attempted robbery with a dangerous weapon, the State must "prove beyond a reasonable doubt that the defendant possessed a firearm or other dangerous weapon at the time of the . . . attempted robbery and that the victim's life was in danger or threatened." *State v. Williams*, 438 S.E.2d 727, 728 (N.C. 1994). Accordingly, our conclusion in *Burns-Johnson* that robbery with a dangerous weapon

5

"necessarily . . . entail[s] the use, attempted use, or threatened use of violent physical force," 864 F.3d at 318, similarly applies to the force necessary for a conviction of attempted robbery with a dangerous weapon, and the district court did not err in calculating Hinton's offense level and Guidelines range.

II.

Ingram's sole contention on appeal is that the district court did not adequately consider his nonfrivolous arguments or adequately explain the sentence imposed. At Ingram's sentencing hearing, the court first observed that Ingram's Sentencing Guidelines range would have been 130 to 162 months without the 120-month statutory maximum imposed by 18 U.S.C. § 924(a)(2) (2012). Ingram declined to allocute, and although defense counsel provided the court with information about Ingram's upbringing and the loss of Ingram's infant daughter several years earlier, counsel did not argue for a sentence different from the within-Guidelines sentence Ingram ultimately received. Instead, defense counsel simply requested that "the [c]ourt give whatever consideration the [c]ourt [was] willing." (J.A. 61).* Because Ingram "failed to preserve his objection in the district court to that court's consideration of the [18 U.S.C.] § 3553[(a) (2012)] factors and explanation for the sentence imposed," our review is for plain error. *United States v. Lynn*, 592 F.3d 572, 580 (4th Cir. 2010) (providing that unpreserved procedural sentencing errors reviewed for plain error when counsel "merely pointed out" potentially mitigating factors and did not request a different sentence (alteration and internal quotation marks omitted)). "To

_____

* "J.A." refers to the joint appendix filed by the parties in this appeal.

6

establish plain error, the appealing party must show that an error (1) was made, (2) is plain (i.e., clear or obvious), and (3) affects substantial rights." *Id.* at 577.

After hearing argument from the Government about Ingram's criminal history and conduct in the instant offense, the district court emphasized that the statutory maximum was significantly less than Ingram's initial Guidelines range. The court then imposed a within-Guidelines sentence—the statutory maximum—explaining its belief that Ingram's "criminal history and his behavior in the subject crime all warrant a sentence of 120 months." (J.A. 63). "[A] district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019), *petition for cert. filed*, No. 18-9654 (U.S. May 27, 2019). Moreover, although "a sentencing court must place on the record an individualized assessment based on the particular facts of the case before it," *Lynn*, 592 F.3d at 576 (internal quotation marks omitted), "some cases require only a brief explanation of the sentencing judge's conclusions, such as when a judge applies the Guidelines to a particular case because the case is typical and the Guidelines sentence is a proper sentence . . . in the typical case." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (alterations and internal quotation marks omitted). The court did not plainly err in its explanation that Ingram's criminal history and the facts of the current offense warranted the sentence imposed.

III.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*