STATE OF NORTH CAROLINA v. WILLIAM EARL McNATT

No. 382A94

(Filed 3 November 1994)

### 1. Homicide § 266 (NCI4th); Robbery § 79 (NCI4th)— use of rifle as club—robbery with firearm—felony murder

Evidence that defendant committed a robbery-murder by using a rifle as a club rather than by firing it was sufficient to support defendant's conviction of felony murder in accordance with the trial court's instruction on the underlying felony of armed robbery that the jury must find that defendant obtained property "by endangering or threatening the life of the [victim] with [a] firearm," since the rifle did not cease to be a firearm by virtue of being used as a club.

**Am Jur 2d, Homicide §§ 263 et seq.; Weapons and Firearms §§ 1, 2.**

### 2. Criminal Law § 436 (NCI4th)— closing argument—defendant's lack of remorse—not comment on failure to testify

The prosecutor's closing argument asking the jury whether it had seen any remorse from the defendant was not an improper comment on defendant's failure to testify but was a proper comment on defendant's demeanor.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Gore, J., on 8 October 1993 in Superior Court, Hoke County, upon a jury verdict finding defendant guilty of first-degree murder. Heard in the Supreme Court 11 September 1995.

*Michael F. Easley, Attorney General, by Valerie B. Spalding, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Staples Hughes, Assistant Appellate Defender, for defendant-appellant.*

WHICHARD, Justice.

Defendant was convicted of the first-degree felony murder of and robbery with a dangerous weapon from Tom Cameron. The trial court

sentenced defendant to life imprisonment for the murder conviction and stayed the judgment on the robbery with a dangerous weapon conviction because the robbery was the underlying felony supporting the felony murder verdict. We conclude that defendant received a fair trial, free from prejudicial error.

The State's evidence tended to show that on 21 March 1991 defendant and two of his friends, James and Bruce Harris, were fishing without permission in a private pond owned by Clyde Upchurch, a friend of the victim. The three men had with them a .22-caliber rifle they had brought for shooting snakes. While defendant and his friends were fishing, the victim approached in his car, cursing them for taking his fish and wanting to see their identification. As the victim was examining the identification, defendant picked up the rifle and swung the butt at the victim, hitting him on the right side of the head and knocking him to the ground. Defendant and Bruce Harris then proceeded to beat and kick the victim for about five minutes before taking his wallet, watch, and car keys. Defendant and his two friends fled when Upchurch, the owner, drove up to the pond. The victim was dead by the time Upchurch arrived. Police later found a wallet containing defendant's identification and fishing rods identified as the victim's in the woods near the pond.

Defendant did not present evidence.

[1] Defendant argues that the trial court erred in denying his motions to dismiss the charges for insufficiency of the evidence to support the convictions on the sole theory on which the court charged the jury. When the trial court instructed the jury on the offense of robbery with a dangerous weapon, the felony underlying the felony murder charge, it stated that for the jury to find defendant guilty of first-degree felony murder, the State must prove beyond a reasonable doubt that "the defendant had a firearm in his possession" and that "the defendant obtained the property by endangering or threatening the life of the person with the firearm." Defendant contends the evidence shows that he committed the robbery by using the rifle as a club, not as a firearm, and that there thus was no evidentiary basis for finding him guilty of endangering or threatening the life of a person "with a firearm."

In an opinion by Judge (now Justice) Webb, our Court of Appeals has held that a pistol used as a club qualifies as a dangerous weapon under the robbery with a dangerous weapon statute. *State v. Funderburk*, 60 N.C. App. 777, 299 S.E.2d 822, *disc. rev. denied*, 307

N.C. 699, 301 S.E.2d 392 (1983). That case was decided correctly, and its holding logically applies to a rifle as well as a pistol. The record does not suggest that the jury was confused in any way by the instructions or that it was unaware of the manner in which defendant used the rifle in the robbery-murder. The rifle did not cease to be a firearm by virtue of being used as a club. The jury could properly find from the evidence presented that in using the rifle as a club, defendant was "endangering or threatening the life of the [victim] with [a] firearm," as the instructions stated. This assignment of error is overruled.

[2] Defendant next argues that the prosecution's closing argument to the jury violated his rights to silence and to due process by drawing attention to his failure to testify. During closing argument, the following exchange took place:

> [PROSECUTOR]: Now, you've sat here through this trial. You've had a chance to look at the defendant, and you've had a chance to also look at these witnesses. Unlike James Harris, who cried when he was questioned by the SBI, Agent Wilson, have you seen any remorse from that side of the room? These officers can't stop that (indicating) man. They've done their duty. Ms. Powell [District Attorney] has done her duty. No one can stop this man, except 12 people.
>
> [DEFENSE COUNSEL]: Objection.
>
> THE COURT: Overruled.

The record is unclear as to the specific portion of the statement to which defense counsel objected. Defendant contends the objection referred to the prosecutor's comment on defendant's lack of remorse ("[H]ave you seen any remorse from that side of the room?"). The objection was not lodged, however, until four sentences later, nor were any grounds given for the objection. Thus, it is difficult to ascertain the specific part of the argument defendant found offensive. Assuming arguendo that defendant was objecting to the comment regarding his lack of remorse, we nonetheless find no error.

As we have stated numerous times, counsel will be allowed wide latitude in the argument of hotly contested cases and the scope of that argument will largely be left to the discretion of the trial court. *State v. Huffstetler*, 312 N.C. 92, 112, 322 S.E.2d 110, 123 (1984). The prosecutor never commented directly or indirectly on defendant's failure to testify nor did he suggest or infer that defendant should have taken the witness stand. Rather, the prosecutor commented on

the demeanor of the defendant, which was before the jury at all times. *See, e.g., State v. Myers*, 299 N.C. 671, 679-80, 263 S.E.2d 768, 774 (1980). Such statements are not comparable to those which this Court has previously held to be improper comments on a defendant's failure to testify. *See, e.g., State v. McCall*, 286 N.C. 472, 212 S.E.2d 132 (1975); *State v. Monk*, 286 N.C. 509, 212 S.E.2d 125 (1975). Further, the jury was fully and properly instructed on defendant's right not to testify. We therefore reject defendant's contention that this argument drew attention to defendant's failure to testify, and this assignment of error is overruled.

NO ERROR.