STATE OF NORTH CAROLINA v. JAMES THOMPSON

No. 41

(Filed 17 May 1979)

Robbery § 5.4— threatened use of firearm—firearm real or toy—when common law robbery instruction required

When the State offers evidence in an armed robbery case that the robbery was attempted or accomplished by the use or threatened use of what *appeared* to the victim to be a firearm or other dangerous weapon, evidence elicited on cross-examination that the witness or witnesses could not positively testify that the instrument used was in fact a firearm or dangerous weapon is not of sufficient probative value to warrant submission of the lesser included offense of common law robbery. A contrary holding in *State v. Bailey*, 278 NC 80, is overruled.

APPEAL by the State pursuant to G.S. 7A-30(2) from decision of the Court of Appeals reported in 39 N.C. App. 375 (1979).

Defendant was charged in a bill of indictment with armed robbery. He entered a plea of not guilty.

The State offered evidence tending to show that on 17 September 1976 at about 4:30 p.m., defendant, armed with a pistol and accompanied by another man armed with a shotgun, entered the offices of Associates Financial Services, Inc., in Charlotte, North Carolina, and by the use of these weapons ordered employees Myra Wright, Beverly Shinn and J. M. Lamond into a storage room. The robbers then took $1750 belonging to the business and fled. Defendant was positively identified by each of the employees.

Defendant did not testify but offered evidence in the nature of an alibi. The jury returned a verdict of guilty as charged, and defendant appealed from judgment imposing a sentence of fifty years with credit for pretrial confinement.

The Court of Appeals in an opinion by Judge Parker, with Judge Hedrick concurring and Judge Erwin dissenting, awarded a new trial. The State appealed.

*Rufus L. Edmisten, Attorney General, by T. Buie Costen, Special Deputy Attorney General, and Nonnie F. Midgette, Assistant Attorney General, for the State.*

*Tate K. Sterrett for defendant appellee.*

BRANCH, Justice.

Defendant contended before the Court of Appeals and contends here that the trial court erred in failing to charge upon and submit to the jury an issue as to defendant's guilt or innocence of the lesser included offense of common law robbery. This contention is the principal and decisive question before us. In granting a new trial, the majority of the Court of Appeals relied upon the case of *State v. Bailey*, 278 N.C. 80, 178 S.E. 2d 809 (1971), *cert. denied*, 409 U.S. 948. In his dissent, Judge Erwin reasoned that there was no evidence of probative value before the court on the lesser included offense of common law robbery.

In *State v. Bailey, supra,* Loretta Williams testified that on the afternoon of 23 March 1970, defendant came to her place of employment at One Hour Valet Cleaners in Raleigh, North Carolina, armed with a pistol and by the threatened use of that weapon forced her to give him $84 from the cash register. On

State v. Thompson

cross-examination, she stated, "I don't know whether it was a real or toy pistol or whether it was metal or rubber." The State also offered evidence of a confession by defendant in which he admitted that he committed the robbery.

Defendant's evidence was to the effect that on the day of the robbery he had been drinking wine and shooting heroin. He "passed out" at about noon and remembered nothing about a robbery. He recalled making the confession and testified that he made it because of continual questioning by the police officers. He did not recall that he was warned of his "Miranda rights" prior to making the confession.

The jury returned a verdict of guilty as charged, and defendant appealed from judgment entered. The appeal was brought to this Court pursuant to an existing general referral order entered by the court effective 1 August 1970.

On appeal, defendant, *inter alia*, assigned as error the failure of the trial court to submit the lesser included offense of common law robbery. In sustaining this assignment of error, we, in part, stated:

> Common law robbery is a lesser included offense of armed robbery, and an indictment for armed robbery will support a conviction for common law robbery. When there is evidence of defendant's guilt of common law robbery, it is error for the court to fail to submit the lesser offense to the jury. *State v. Wenrich*, 251 N.C. 460, 111 S.E. 2d 582; *State v. Davis*, 242 N.C. 476, 87 S.E. 2d 906; *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545; *State v. Keller*, 214 N.C. 447, 199 S.E. 620.

\* \* \*

> The critical and essential difference between armed robbery and common law robbery is that in order for the jury to convict for armed robbery the victim must be endangered or threatened by the use or threatened use of a "firearm or other dangerous weapon, implement or means."

Applying the above-stated, well established rules, we held that there was a conflict in the testimony which raised an issue

for the jury as to whether defendant used or threatened to use a firearm or other dangerous weapon to perpetrate the robbery.

In instant case, Myra Wright testified that the shotgun was held to her forehead and that it "felt like cold metal." On cross-examination, she stated that "she did not know whether the shotgun was a real gun, a fake gun, a toy gun or what kind of gun, it was metal and did not look like a toy."

Beverly Shinn testified that defendant had a gun in his hand and that it looked like a chrome pistol; that the weapon was held to her stomach; and that "it was definitely metal of some kind." It is noted that on cross-examination this witness did not qualify her testimony as to whether the weapon was real.

The witness Lamond testified that he observed one of the robbers holding a "sawed-off shotgun directly in Ms. Wright's face and that the other" was "carrying a chrome or silver pistol." On cross-examination, the witness Lamond testified:

> With respect to the pistol, I don't know whether it was a real pistol, fake pistol, or what kind of pistol. It looked very real. It was not a cap pistol.

Instant case might be distinguished from *Bailey* in that here three witnesses offered more forceful testimony to the effect that defendant used a firearm than was offered by the State in *Bailey*. Further, one of the witnesses in the case *sub judice* in no way modified her testimony on cross-examination. Even so, this Court does not don the robes of infallibility and the reasoning in Judge Erwin's dissent leads us to reconsider the holding in *Bailey*. The crux of our consideration is whether the conflicting testimony in *Bailey* and here was of sufficient probative value to raise an issue as to whether defendant had in his possession and used or threatened to use a firearm or other dangerous weapon to perpetrate the robberies.

Whether an instrument is a dangerous weapon or a firearm can only be judged by the victim of a robbery from its appearance and the manner of its use. We cannot perceive how the victims in instant case could have determined with certainty that the firearm was real unless defendant had actually fired a shot. We would not intimate, however, that a robbery victim should force

State v. Thompson

the issue merely to determine the true character of the weapon. Thus, when a witness testified that he was robbed by use of a firearm or other dangerous weapon, his admission on cross-examination that he could not positively say it was a gun or dangerous weapon is without probative value.

We conclude that when the State offers evidence in an armed robbery case that the robbery was attempted or accomplished by the use or threatened use of what *appeared* to the victim to be a firearm or other dangerous weapon, evidence elicited on cross-examination that the witness or witnesses could not positively testify that the instrument used was in fact a firearm or dangerous weapon is not of sufficient probative value to warrant submission of the lesser included offense of common law robbery. When a person perpetrates a robbery by brandishing an instrument which appears to be a firearm, or other dangerous weapon, in the absence of any evidence to the contrary, the law will presume the instrument to be what his conduct represents it to be — a firearm or other dangerous weapon.

We, therefore, hold that Judge Ferrell correctly submitted only the possible verdicts of guilty of robbery with a firearm or not guilty. That portion of *Bailey* which is inconsistent with this opinion is no longer authoritative.

We have carefully considered every other assignment of error brought forward in the Court of Appeals and find that the able opinion by Judge Parker is in all other respects correct.

For reasons stated, the decision of the Court of Appeals is

Reversed.