STATE OF NORTH CAROLINA v. BOBBY ALSTON

STATE OF NORTH CAROLINA v. JOSEPH ALSTON

No. 137A81

(Filed 4 May 1982)

**Robbery §§ 4.3, 5.4— armed robbery case—necessity for instruction on common law robbery**

Testimony by robbery victims that they were of the opinion that the weapon used in the robbery was a firearm and that it appeared to be a .22 rifle and by an accomplice who wielded the weapon during the robbery that the weapon was a "Remington pellet rifle" was sufficient to support a jury finding that the lives of the victims were endangered by use of the weapon so as to permit the jury to consider the possible verdict of guilty of robbery with a firearm or other dangerous weapon. However, further testimony by the accomplice that the weapon was "a BB rifle" constituted affirmative evidence that the lives of the victims were not endangered or threatened by use of the

weapon and required the submission of an issue as to the lesser included offense of common law robbery.

APPEAL by the defendants from *Washington, Judge,* presiding at the 3 November 1980 Criminal Session of the High Point Division of GUILFORD Superior Court.

Each defendant was tried upon an indictment proper in form and found guilty by a jury of robbery with firearms or other dangerous weapons in violation of G.S. 14-87. By judgments signed on 6 November 1980 and filed the following day, each defendant was separately sentenced to a term of imprisonment of not less than twelve nor more than fifteen years. Neither defendant filed a timely record on appeal with the Court of Appeals. On 18 September 1981 the Court of Appeals granted a petition for certiorari by the defendant, Bobby Alston. On 6 October 1981 this Court granted a petition for certiorari by the defendant Joseph Alston. On 12 January 1982 this Court granted the State's motions for discretionary review of the case of Bobby Alston and consolidation of that case for review with the case of Joseph Alston.

*Rufus L. Edmisten, Attorney General, by W. Dale Talbert, Assistant Attorney General (Joseph Alston), and Thomas J. Ziko, Associate Attorney (Bobby Alston), for the State.*

*Marquis D. Street, P.A., Attorney for defendant-appellant Bobby Alston.*

*Richard W. Forrester, Attorney for defendant-appellant Joseph Alston.*

MITCHELL, Justice.

The defendants in this consolidated appeal assigned as error the failure of the trial court to instruct the jury with regard to the lesser included offense of common law robbery and to allow them to consider a verdict on that offense as well as the initial charge of robbery with firearms or other dangerous weapons. We conclude that the trial court erred in failing to submit the lesser included offense to the jury and that the defendants must receive a new trial.

The State offered evidence at trial tending to show that Bobby Alston, Joseph Alston and James Robinson entered a Convenient Food Mart in Guilford County on 17 February 1980. Robinson carried a rifle which had been given to him by the defendants. All three men were masked when they entered the store. They had the attendants put the money from the cash register into a bag held by Joseph Alston. Robinson continued to point the rifle in the direction of the attendants during this time. Bobby Alston acted as a lookout at the door to the store. Having taken $380 in cash, the defendants and Robinson fled the scene in a car driven by an unknown person.

In support of their assignment of error, the defendants contend that the evidence conflicted as to whether the rifle used in the robbery was in fact a firearm or dangerous weapon and that the conflicting evidence on this point required the trial court to submit the lesser included offense of common law robbery to the jury for their consideration in addition to the greater offense of robbery with firearms or other dangerous weapons. The attendants who were present in the store at the time of the robbery testified that they saw the alleged weapon and were of the opinion that it was a firearm. One attendant, Robert Flynn, specifically testified that the rifle appeared to be a .22 rifle. He stated that he had observed the weapon for several minutes during the robbery. In his opinion it was not a BB gun or a pellet rifle. Such statements by victims of a robbery do not require that the trial court allow the jury to consider a verdict on the lesser included offense of common law robbery.

In *State v. Thompson*, 297 N.C. 285, 289, 254 S.E. 2d 526, 528 (1979), we stated that:

> When a person perpetrates a robbery by brandishing an instrument which appears to be a firearm, or other dangerous weapon, *in the absence of any evidence to the contrary*, the law will presume the instrument to be what his conduct represents it to be—a firearm or other dangerous weapon. (Emphasis added.)

The State having offered evidence that the robbery in *Thompson* was accomplished by the use or threatened use of what appeared to the victims to be a firearm, their statements on cross-examination that they could not positively testify that the instru-

State v. Alston

ment was a firearm or a dangerous weapon were not of sufficient probative value to constitute evidence that the instrument used was other than a firearm or dangerous weapon. Therefore, this lack of certainty exhibited by the witnesses on cross-examination did not require submission of the lesser included offense of common law robbery to the jury.

In the present case, however, evidence also was introduced tending to show affirmatively that the rifle in question was not a dangerous weapon within the contemplation of G.S. 14-87. The State's witness, James Robinson, who actually wielded the rifle during the robbery testified at one point that, "The gun was a rifle, a Remington pellet rifle." On cross-examination, however, Robinson affirmatively stated, "Right, I had a BB gun. It was a rifle, yeah. Right, it was a BB rifle." This testimony by the State's witness was not a mere failure to testify positively that the instrument used was in fact a firearm or dangerous weapon. Quite the contrary, the witness positively identified the instrument he held in his hand during the commission of the robbery. At one point he positively identified the instrument as a Remington pellet rifle and at another point he positively identified the weapon as a BB rifle. Therefore, we must examine these two positive but inconsistent statements by the State's witness to determine whether either constituted affirmative evidence that the instrument used in the robbery was not a firearm or other dangerous weapon.

We have previously indicated by way of *obiter dictum* in a case involving allegations of civil negligence, that a BB rifle is a dangerous instrumentality to be handled with commensurate care for purposes of civil liability. *Fox v. Army Store*, 215 N.C. 187, 1 S.E. 2d 550 (1939). That precedent is of little assistance to us, however, in the present case. In determining whether evidence of the use of a particular instrument constitutes evidence of use of "any firearms or other dangerous weapon, implement or means" within the prohibition of G.S. 14-87, the determinative question is whether the evidence was sufficient to support a jury finding that a person's *life* was in fact endangered or threatened. *State v. Moore*, 279 N.C. 455, 183 S.E. 2d 546 (1971). Employing this test, we determine that the testimony by Robinson that the rifle he used during the robbery was a Remington pellet gun was sufficient to support a jury finding that the lives of the victims here

in fact were endangered or threatened by his possession, use or threatened use of the rifle. The testimony of Robinson, on the other hand, that the rifle was a BB rifle constituted affirmative evidence to the contrary and indicated that the victims' lives were not endangered or threatened in fact by his possession, use or threatened use of the rifle. This latter statement by Robinson was affirmative testimony tending to prove the absence of an element of the offense charged and required the submission of the case to the jury on the lesser included offense of common law robbery as well as the greater offense of robbery with firearms or other dangerous weapons. *State v. Bailey,* 278 N.C. 80, 178 S.E. 2d 809 (1971), *cert. denied,* 409 U.S. 948, 34 L.Ed. 2d 218, 93 S.Ct. 293 (1972). *Cf. State v. Thompson,* 297 N.C. 285, 254 S.E. 2d 526 (1979) (no instruction on common law robbery required in the absence of affirmative evidence of the nonexistence of an element of the offense charged).

We hold that the trial court correctly permitted the jury to consider a possible verdict of guilty of robbery with firearms or other dangerous weapons but erred by failing to submit also the lesser included offense of common law robbery for the jury's consideration.

For the reasons stated, the judgment of the Superior Court of Guilford County is vacated and the case remanded to the end that there may be a

New trial.