STATE OF NORTH CAROLINA v. HENRIETTA FUNDERBURK

No. 8220SC669

(Filed 15 February 1983)

**Robbery § 4.3— robbery with a dangerous weapon—sufficiency of evidence that weapon dangerous**

   In a prosecution for robbery with a dangerous weapon, the trial judge did not err in submitting armed robbery to the jury even assuming the evidence showed that the gun used in the robbery would not fire since the pistol was used as a club during the robbery and since a weapon used does not have to be a firearm to be a life-threatening weapon.

APPEAL by defendant from *Mills, Judge.* Judgment entered 9 February 1982 in Superior Court, UNION County. Heard in the Court of Appeals 12 January 1983.

The defendant was tried for aiding and abetting armed robbery. The State's evidence showed that on 23 November 1981 the defendant carried Jackie Meadows and Jackie Meadows' brother, Terry Meadows, in the defendant's automobile to a laundromat in Monroe. Jackie and Terry got out of the automobile and Jackie entered the laundromat and robbed Lelia Funderburk. Lelia Funderburk testified that Jackie Meadows pointed a pistol "right here between my eyes." Jackie then hit Lelia Funderburk with the pistol on her cheekbone, took her purse and ran. Lelia Funderburk had a black eye as a result of being struck.

The pistol used in the robbery was introduced into evidence, and Lelia Funderburk described it as a "B.B. type pistol—air pistol." Jackie Meadows testified for the State that the pistol was furnished by the defendant and it was "supposed to be a 44 Magnum, what she say." Jackie Meadows testified further that there were not any bullets for the gun. Lieutenant Bobby Kilgore of the Monroe Police Department testified that he recovered the pistol from the defendant on 28 November 1981. He described it as an air pistol and said he could not get it to fire. The defendant testified in her own behalf and said it was a toy pistol.

Defendant was convicted of robbery with a dangerous weapon. She was sentenced to 14 years in prison from which sentence she appealed.

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant appellant.*

WEBB, Judge.

Defendant's only contention on appeal is that there was not sufficient evidence that a dangerous weapon was used to submit a charge of armed robbery to the jury. G.S. 14-87 provides in part:

> "(a) Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another . . . shall be guilty of a Class D felony."

The defendant argues, relying on *State v. Alston*, 305 N.C. 647, 290 S.E. 2d 614 (1982), that all the evidence shows that the pistol used in the robbery would not fire and could not, as a matter of law, be held to be a dangerous weapon. Assuming the evidence showed the gun would not fire, we believe Judge Mills properly submitted armed robbery to the jury. *Alston* merely requires, in cases like this one, that the jury be instructed on common law robbery. The weapon used did not have to be a firearm to be a life-threatening weapon. It was a metal object and Jackie Meadows struck Lelia Funderburk with it, giving her a black eye. In *State v. Price*, 280 N.C. 154, 184 S.E. 2d 866 (1971) our Supreme Court held that a blackjack could be a dangerous weapon. In that case the victim was struck by a blackjack but was not so seriously injured that he could not repel the robber. We believe a pistol used as a club could be as dangerous as a blackjack.

Judge Mills instructed the jury "in determining whether an air pistol was dangerous to the life of Lelia Funderburk, you would consider the nature of the pistol, and the manner in which Jackie Meadows used it or threatened to use it." We believe this part of the charge correctly instructed the jury as to how they were to consider the pistol as a possible dangerous weapon. For cases from other jurisdictions which hold that a pistol used as a

club may be a dangerous weapon, see *People v. Ward*, 84 Cal. App. 2d 357, 190 P. 2d 972 (1948); *People v. Trice*, 127 Ill. App. 2d 310, 262 N.E. 2d 276 (1970); *Boyles v. State*, 46 Wis. 2d 473, 175 N.W. 2d 277 (1970).

No error.

Judges BECTON and PHILLIPS concur.