STATE OF NORTH CAROLINA v. ROBERT GLENN JOYNER

No. 833SC798

(Filed 6 March 1984)

**1. Robbery § 4.3— rifle without firing pin—use of firearm**

Defendant's evidence that a rifle used in a robbery was found unloaded and without a firing pin several hours after the robbery did not preclude a finding that defendant perpetrated the robbery with a firearm but did require the trial court to submit the lesser included offense of common law robbery. G.S. 14-87(a).

**2. Criminal Law § 163— failure to object to charge—no "plain error"**

The trial court's failure in an armed robbery case to define "firearm" and the court's use of "twenty-two caliber rifle" for "firearm" in its final mandate to the jury did not constitute "plain error" requiring a new trial although defendant failed to object to the charge prior to the retirement of the jury. App. Rule 10(b)(2).

Judge EAGLES dissenting.

APPEAL by defendant from *Lewis, Judge*. Judgment entered 1 March 1983 in Superior Court, PITT County. Heard in the Court of Appeals 7 February 1984.

Defendant was charged in a bill of indictment with armed robbery in violation of G.S. 14-87. He entered a plea of not guilty.

The State's evidence tended to show that on 7 December 1982 at about 2:45 a.m., defendant, armed with a rifle, approached three employees of Domino's Pizza as they were closing for the night. Defendant pointed the rifle at the head of one of the employees and demanded the money bag he was carrying under his arm. The employee threw the bag on the ground and ran. Defendant picked up the bag and left the scene of the crime.

Defendant admitted to police officers that he robbed Domino's Pizza, and told the police where he hid the rifle he had used. The rifle was not loaded when the police found it, nor did it have a firing pin.

Defendant did not testify. The jury returned a verdict of guilty as charged, and defendant appealed from judgment imposing a sentence of fourteen years.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Charles M. Hensey for the State.*

*Assistant Public Defender Robert L. Shoffner, Jr. for defendant appellant.*

HILL, Judge.

[1] Defendant contends that the trial court erred in denying defendant's motion for a directed verdict at the close of the State's evidence. Defendant argues that since the rifle was found unloaded and missing a firing pin, the State failed to prove the rifle allegedly used in the commission of the robbery was a firearm. We hold that defendant's evidence did not preclude the finding that defendant perpetrated a robbery with a firearm.

Defendant was convicted of armed robbery in violation of G.S. 14-87(a) which provides in pertinent part as follows:

Any person . . . who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another . . . shall be guilty of a Class D felony.

In determining whether a particular instrument constitutes evidence of use of "any firearms or other dangerous weapon, implement or means" within the prohibition of G.S. 14-87, "the determinative question is whether the evidence was sufficient to support a jury finding that a person's *life* was in fact endangered or threatened." *State v. Alston,* 305 N.C. 647, 650, 290 S.E. 2d 614, 616 (1982). We feel that under the circumstances of the instant case, the purpose of G.S. 14-87(a) would be frustrated or defeated if we accepted defendant's contention that in the absence of a firing pin, a rifle is not a firearm under the statute. The robbery victim should not have to force such issues of whether the instrument actually possesses a firing pin, whether the instrument is loaded, or whether the instrument is real. See *State v. Thompson,* 297 N.C. 285, 254 S.E. 2d 526 (1979).

The evidence in the instant case established that the rifle was unloaded and missing a firing pin several hours after the robbery. It is still possible that the gun was loaded and operable at the time of the robbery, as defendant could have unloaded it and disengaged its firing pin after committing the offense. Furthermore, the weapon was an actual rifle and was held close to the victim's head; it could have been used as a bludgeon. Using the determinative test of *State v. Alston, supra,* we find that an employee's testimony that an actual rifle was pointed at his head during the robbery was sufficient to support a jury finding that the lives of the employees were in fact endangered or threatened by use of the rifle. Defendant's evidence, on the other hand, that the weapon possibly was unloaded and incapable of firing due to a missing firing pin indicated that the employees' lives were not endangered or threatened by use of the rifle. Defendant's evidence tended to prove the absence of an element of the offense charged and required the submission of the case to the jury on the lesser included offense of common law robbery as well as the greater offense of robbery with firearms or other dangerous implements. *State v. Bailey,* 278 N.C. 80, 178 S.E. 2d 809 (1971), *cert. denied,* 409 U.S. 948, 34 L.Ed. 2d 218, 93 S.Ct. 293 (1972). The trial court correctly submitted both issues to the jury. This assignment of error is overruled.

[2]   Lastly, defendant contends the trial court erred in instructing the jury by failing to define "firearm" and by substituting the phrase "twenty-two caliber rifle" for "firearm" in its final

State v. Joyner

mandate to the jury. By failing to object to the charge prior to the retiring of the jury and before the verdict, defendant failed to adhere to the dictates of Appellate Rule 10(b)(2). Nevertheless, having reviewed the instruction, we hold that the challenged jury instruction was not "plain error" such as to require a new trial. Permitting the jury to consider possible verdicts of guilty of robbery with firearms or other dangerous weapons and the lesser included offense of common law robbery, properly defining the elements of both offenses, and recapitulating the contentions of both parties rendered the charge as a whole adequate. A trial court's instructions must be read contextually as a whole, and isolated erroneous portions will not be considered prejudicial error on appeal when the instruction read as a whole is correct. See *State v. Lee,* 277 N.C. 205, 176 S.E. 2d 765 (1970); *State v. McCall,* 31 N.C. App. 543, 230 S.E. 2d 195 (1976).

Defendant received a fair trial free from prejudicial error.

No error.

Judge HEDRICK concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

I respectfully dissent from the portions of the majority opinion which permit a defendant to be convicted of robbery with a firearm or other dangerous weapon when the "firearm" in question was a rifle which was incapable of firing because it had no firing pin. The majority cites and relies upon *State v. Thompson,* 297 N.C. 285, 254 S.E. 2d 526 (1979), and *State v. Alston,* 305 N.C. 647, 290 S.E. 2d 614 (1982), neither of which require this result.

*State v. Thompson* stands for the proposition that:

[W]hen the State offers evidence in an armed robbery case that the robbery was attempted or accomplished by use of what *appeared* to the victim to be a firearm or other dangerous weapon, evidence elicited on cross-examination that the witness or witnesses could not positively testify that the instrument used was in fact a firearm or dangerous

weapon is not of sufficient probative value to warrant submission of the lesser included offense of common law robbery. When a person perpetrates a robbery by brandishing an instrument which appears to be a firearm, or other dangerous weapon, *in the absence of evidence to the contrary*, the law will presume the instrument to be what his conduct represents it to be—a firearm or dangerous weapon.

297 N.C. at 289, 254 S.E. 2d at 528 (emphasis added). Here, as distinguished from *Thompson*, there was evidence to the contrary, i.e., testimony from the defendant and from the officers who seized the weapon that it contained no firing pin, that it was not capable of being fired, and that the firing pin removal process for this weapon was an intricate procedure which involved "stripping" the weapon.

The logic of *State v. Alston*, cited by the majority, is that a BB rifle, no matter what it looked like to the victims, was not a firearm or dangerous weapon in the sense contemplated by G.S. 14-87, because the victim's "life was (not) in fact endangered or threatened." 305 N.C. at 650, 290 S.E. 2d at 616. Here, as in *Alston*, there was affirmative evidence that this rifle was the one used, that it had no firing pin, that it could not be fired in that condition, and that the technique for removal of the firing pin was intricate and required "stripping" the weapon. From these facts it is clear that the rifle without a firing pin could not in fact endanger or threaten the *life* of the victim. While defendant here intended for the victim to believe mistakenly that the weapon was fully operable, the fact remains that it was less capable of use as a rifle than the BB rifle used in *Alston*.

I would vote to reverse the conviction for failure of the court to instruct the jury as requested on the definition of a firearm and the failure to instruct the jury as to the offense of common law robbery.