STATE OF NORTH CAROLINA v. WILLIAM THOMAS FRAZIER

No. COA01-849

(Filed 21 May 2002)

**Robbery— dangerous weapon—failure to submit lesser included offense of common law robbery**

The trial court erred in a robbery with a dangerous weapon case by failing to submit the lesser included offense of common law robbery to the jury and the case is remanded for a new trial, because: (1) where a defendant presents evidence that the weapon used during a robbery was unloaded or otherwise incapable of firing, such evidence tends to prove the absence of an element of the offense of armed robbery and requires the submission of the case to the jury on the lesser included offense of common law robbery as well as the greater offense; and (2) there was some evidence tending to show that the firearm used by defendant was not loaded.

Appeal by defendant from judgment entered 21 March 2001 by Judge Ronald E. Spivey in Forsyth County Superior Court. Heard in the Court of Appeals 23 April 2002.

*Attorney General Roy Cooper, by Special Deputy Attorney General Gayl M. Manthei, for the State.*

*Randolph and Fischer, by Rebekah L. Randolph, for defendant appellant.*

TIMMONS-GOODSON, Judge.

On 21 March 2001, a jury found William Thomas Frazier ("defendant") guilty of robbery with a dangerous weapon. At trial, the State presented evidence tending to show the following: In the late afternoon of 28 March 1999, defendant and his friend, Darrick McLean ("McLean") purchased several items from a convenience store located in Kernersville, North Carolina. Later that evening, the two men discussed robbing the store. At approximately 11:20 p.m., defendant returned to the convenience store. Defendant selected some candy and approached the counter, where the store clerk was occupied adjusting the tape in the cash register. When the clerk looked up from the register, he saw that defendant was holding a gun. Holding the weapon to the clerk's midsection, defendant demanded that he open the safe, but the clerk informed him that he did not have a key. Defendant threatened to kill him, but upon discovering a small bag containing approximately $153.00 in cash, defendant took the bag and left the store. He then drove away with McLean and McLean's girlfriend, who were waiting for defendant outside in their automobile.

Defendant testified on his own behalf. Defendant stated that he and McLean discussed robbing the store, but that he "didn't really want it to happen[.]" McLean insisted, however, that defendant commit the robbery and handed him a gun. Defendant asserted that he unloaded the weapon and tucked it into the front of his pants before entering the store. According to defendant, when he approached the store counter with his candy, the clerk requested his assistance in loading the register tape, whereupon defendant walked behind the counter and attempted to load the tape. Defendant explained that, "at the time I was helping [the clerk] put the paper in, my gun had moved; and I didn't make a sudden gesture, but I tried to slide my hands to where I can adjust it to where it wouldn't, you know, it wouldn't fall or anything." When defendant put his hand on the register, the clerk "grabbed" him "and at this point in time my gun is falling out of my pants leg, so I grabbed it and I pulled it out and held it towards the ground." The clerk then retrieved a small envelope containing cash from under the counter

and told defendant to "take this don't hurt me." Defendant took the envelope and left the store.

Upon receiving the jury's guilty verdict, the trial court sentenced defendant to a minimum term of 99 months and a maximum term of 128 months of imprisonment. Defendant appeals from his conviction and resulting sentence.

The sole issue on appeal is whether the trial court erred in refusing to instruct the jury on the lesser included offense of common law robbery. Because there was evidence from which a reasonable jury could conclude that defendant committed the lesser included offense, the trial court erred in failing to instruct the jury on common law robbery. We therefore remand defendant's case for a new trial.

Defendant argues that the trial court erred in failing to instruct the jury on the lesser included offense of common law robbery. "If a request is made for a jury instruction which is correct in itself and supported by the evidence, the trial court must give the instruction at least in substance." *State v. Harvell*, 334 N.C. 356, 364, 432 S.E.2d 125, 129 (1993). Where there is positive and unequivocal evidence as to each and every element of armed robbery, and there is *no* evidence supporting the defendant's guilt of a lesser included offense, the trial court may properly decline to instruct the jury on the lesser included offense of common law robbery. *See State v. Cummings*, 346 N.C. 291, 325, 488 S.E.2d 550, 570 (1997), *cert. denied*, 522 U.S. 1092, 139 L. Ed. 2d 873 (1998). "The sole factor determining the judge's obligation to give such an instruction is the presence, or absence, of any evidence *in the record which might convince a rational trier of fact to* convict the defendant of a less grievous offense." *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981).

The offense of robbery with a firearm or other dangerous weapon is set forth in section 14-87 of the North Carolina General Statutes, which reads:

(a) Any person or persons who, having in possession or with the use or threatened use of any firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, unlawfully takes or attempts to take personal property from another or from any place of business, residence or banking institution or any other place where there is a person or persons in attendance, at any time, either day or night, or who

aids or abets any such person or persons in the commission of such crime, shall be guilty of a Class D felony.

N.C. Gen. Stat. § 14-87(a) (2001). The primary distinction between armed robbery and common law robbery is that "the former is accomplished by the use or threatened use of a dangerous weapon whereby the life of a person is endangered or threatened." *State v. Peacock*, 313 N.C. 554, 562, 330 S.E.2d 190, 195 (1985). The use or threatened use of a dangerous weapon, however, is not an essential element of common law robbery. *See Cummings*, 346 N.C. at 325-26, 488 S.E.2d at 570.

An object incapable of endangering or threatening life cannot be considered a dangerous weapon. *See State v. Allen*, 317 N.C. 119, 122, 343 S.E.2d 893, 895 (1986). In deciding whether a particular instrument is a dangerous weapon under section 14-87, "the determinative question is whether the evidence was sufficient to support a jury finding that a person's *life* was in fact endangered or threatened." *State v. Alston*, 305 N.C. 647, 650, 290 S.E.2d 614, 616 (1982).

When a person perpetrates a robbery by brandishing an instrument which appears to be a firearm, or other dangerous weapon, in the absence of any evidence to the contrary, the law will presume the instrument to be what his conduct represents it to be— a firearm or other dangerous weapon.

*State v. Thompson*, 297 N.C. 285, 289, 254 S.E.2d 526, 528 (1979). Where there is evidence, however, that the instrument is "an inoperative firearm incapable of threatening or endangering the life of the victim[,]" it is "for the jury to determine the nature of the weapon." *Allen*, 317 N.C. at 125-26, 343 S.E.2d at 897. Thus, where a defendant presents evidence that the weapon used during a robbery was unloaded or otherwise incapable of firing, such evidence "tend[s] to prove the absence of an element of the offense [of armed robbery] and require[s] the submission of the case to the jury on the lesser included offense of common law robbery as well as the greater offense of robbery with firearms or other dangerous implements." *State v. Joyner*, 67 N.C. App. 134, 136, 312 S.E.2d 681, 682 (1984), *affirmed*, 312 N.C. 779, 324 S.E.2d 841 (1985); *see also Allen*, 317 N.C. at 126, 343 S.E.2d at 898 (noting that evidence that a firearm is inoperative forms the basis for instruction on common law robbery).

In the instant case, there was some evidence tending to show that the instrument used by defendant was not loaded during the commis-

sion of the robbery and was therefore incapable of endangering the life of a person. Defendant testified in detail that before he entered the store, he "[t]ook the bullets out of [the gun] and placed [them] in a hat, which was in the back seat [of McLean's automobile], and just covered them up." Defendant also described the mechanical process of unloading the weapon. Moreover, the weapon was not loaded when seized by law enforcement officers several days after the commission of the robbery. The State argues that this evidence is neither probative nor credible, and that the trial court was therefore not required to instruct the jury on common law robbery. We disagree. Credibility of evidence is the proper province of the jury, and we do not conclude that the evidence in question was "so lacking in credibility that the jury should not have been permitted to consider it." *Allen*, 317 N.C. at 126, 343 S.E.2d at 898. Thus, because there was evidence from which the jury could find that the firearm was inoperable and thus incapable of threatening or endangering the life of the victim, the jury should have been instructed on the offense of common law robbery. The trial court erred in failing to submit the lesser included offense of common law robbery to the jury. We therefore vacate defendant's conviction for armed robbery and remand his case to the trial court for a new trial.

New trial.

Judges GREENE and HUNTER concur.