STATE OF NORTH CAROLINA
v.
MELISSA JACQLENNE STADLER
No. COA09-648.
Court of Appeals of North Carolina.
Filed: January 19, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General M. Lynne Weaver, for the State.
J. Clark Fischer for Defendant-Appellant.
McGEE, Judge.
Melissa Jacqlenne Stadler (Defendant) appeals from judgment entered after a jury returned a guilty verdict for robbery with a dangerous weapon. We find no prejudicial error.
The State's evidence at trial tended to show that Stephanie Kelly was working at the State Farm Insurance Agency in Mebane on 14 March 2008. While Ms. Kelly was assisting a customer, Defendant entered the office wearing a dark gray t-shirt, black hat, pink bandana, and sunglasses. Defendant asked to use the restroom and Ms. Kelly directed Defendant to the bathroom. Ms. Kelly continued to assist the customer. After the customer left, Defendant returned and asked Ms. Kelly for an insurance quote for a car. As Ms. Kelly pulled up the quote information on the computer, she asked Defendant for her driver's license. Defendant pulled a black bag and gun from underneath her shirt. Holding the gun, Defendant ordered Ms. Kelly to give her the money that was in the office. Defendant threatened to shoot Ms. Kelly if she did not comply. Ms. Kelly was "very scared" and went to a filing cabinet, pulled out a cash box, and dumped all of its contents into Defendant's bag. There was $280.00 in cash and some checks in the box. Defendant ran out the front door.
Ms. Kelly testified that Defendant's gun appeared to be a real gun. She described the firearm as "a small silver gun" with "shiny metal." She said it looked similar to a gun that she and her husband owned.
In addition, there was evidence presented that Defendant had committed three similar robberies several days before she robbed the State Farm Insurance Agency. Justin Stewart, an employee at the One Stop Cellular store in Hillsborough, testified that on 10 March 2008 at approximately 3:00 p.m., Defendant entered the store. After asking some questions about one of the products, Defendant approached the cash register and pulled out a black bag and a silver handgun. Defendant told Mr. Stewart to put the money into the bag and not to say anything or she would shoot him. Mr. Stewart testified that he was "very frightened" and "definitely" believed the gun was real. Mr. Stewart put the money in the bag and before leaving the store, Defendant threatened to come back and shoot Mr. Stewart if he made any noises or said anything.
Marcie Morales and William Byrd worked at Cricket Cellular in Hillsborough. They testified that at approximately 4:00 p.m. on 10 March 2008, Defendant came into that store. After asking a few questions about cell phones, Defendant threw a black bag over the counter and pulled out a gun. Defendant demanded that Ms. Morales put all the money in the bag or she would shoot. Mr. Byrd fled to a back office, and when Ms. Morales realized Mr. Byrd had left her, she ran to the back as well. Ms. Morales and Mr. Byrd alerted the store manager to the robbery and the store manager called the police. While they were in the back of the store, they heard Defendant leave through the front door. Ms. Morales and Mr. Byrd both testified that the gun was a small, silver handgun. They both testified that the gun appeared to be real.
Jesse Watson worked for Carolina Cleaners in Chapel Hill. He testified that at approximately 4:00 p.m. on 11 March 2008, Defendant entered the store with a black bag and pulled out a silver handgun. Defendant told Mr. Watson to put the money in the bag. Mr. Watson testified that he was "nervous and scared," and that he put the money in the cash register, which held about $130.00, into Defendant's bag. Defendant ran out the front door and got into a car. Mr. Watson testified that he thought the gun was a real gun.
Defendant testified on her own behalf at trial. She admitted committing the robbery at the State Farm Insurance Agency, as well as the other robberies. However, Defendant stated that the weapon used in the robberies was actually a toy gun. Defendant said she threw the toy gun away after the State Farm robbery.
Defendant argues that the trial court committed prejudicial error by allowing a prosecution witness, William Byrd, to testify on cross-examination that a comment made to him by another prosecution witness, Marcie Morales, was an excuse. Mr. Byrd testified that after he and manager Darrell McNeil told Ms. Morales that she should have given Defendant the money because she could have been killed, Ms. Morales said that she did not believe the gun was real. Mr. Byrd stated that he "felt like it was an excuse . . ., like she was trying to explain to us why she didn't . . . give up the money[.]" Defendant objected to Mr. Byrd's testimony. On appeal, Defendant contends that this testimony represented Mr. Byrd's speculative opinion, which was irrelevant and prejudicial.
Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2007). Generally, all relevant evidence is admissible. N.C. Gen. Stat. § 8C-1, Rule 402 (2007). However, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." N.C. Gen. Stat. § 8C-1, Rule 403 (2007).
In the case before us, we need not address Defendant's contentions regarding this issue. Even assuming arguendo that the admission of Mr. Byrd's testimony was improper, we find the error was harmless in light of the other evidence presented at trial. "Even if the complaining party can show that the trial court erred in its ruling, relief ordinarily will not be granted absent a showing of prejudice." State v. Herring, 322 N.C. 733, 749, 370 S.E.2d 363, 373 (1988).
A defendant is prejudiced by errors . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant.
N.C. Gen. Stat. § 15A-1443(a) (2007).
The State presented evidence that Ms. Kelly believed that the gun brandished by Defendant was real. Likewise, the victims of the other robberies and attempted robbery testified that they believed the gun was real.
When a person perpetrates a robbery by brandishing an instrument which appears to be a firearm, or other dangerous weapon, in the absence of any evidence to the contrary, the law will presume the instrument to be what his conduct represents it to be  a firearm or other dangerous weapon.
State v. Thompson, 297 N.C. 285, 289, 254 S.E.2d 526, 528 (1979).
In this case, the substantial evidence presented by the State clearly indicated Defendant used what appeared to her victims to be a firearm. Therefore, we conclude it is highly unlikely that the jury would have reached a different verdict had the testimony not been admitted that Mr. Byrd believed Ms. Morales was making an excuse when she said she thought the gun was fake. The admission of this testimony, even if error, was not prejudicial, and we find no prejudicial error in Defendant's trial.
No prejudicial error.
Judges GEER and HUNTER, JR. concur.
Report per Rule 30(e).