STATE OF NORTH CAROLINA
v.
CARLOS JEROME GORDON, Defendant

No. COA12-1318

Filed 16 July 2013

1. **Appeal and Error—inadequate notice of appeal—writ of certiorari**

    A writ of *certiorari* was issued by the Court of Appeals where defendant's attorney did not give oral notice of appeal at trial and then gave a written notice that did not comply with the Rules of Appellate Procedure.

2. **Evidence—prior offense—sufficiently similar—admissible**

    The trial court did not err in a prosecution for common law robbery and assault on a female when it admitted evidence of a previous purse-snatching crime committed by defendant. The common locations, victims, type of crime, and proximity in time were sufficiently similar that the evidence was properly admitted under N.C.G.S. § 8C-1, Rule 404(b).

On writ of certiorari to review judgment entered 30 April 2012 by Judge Christopher W. Bragg in Iredell County Superior Court. Heard in the Court of Appeals 4 June 2013.

*Roy Cooper, Attorney General, by Sharon Patrick-Wilson, Special Deputy Attorney General, for the State.*

*Winifred H. Dillon, for defendant–appellant.*

MARTIN, Chief Judge.

Defendant Carlos Jerome Gordon appeals his conviction of common law robbery and assault on a female. We find no error.

The evidence at trial tended to show that on or about 18 July 2009 in mid-afternoon, Patricia Jackson was in the Mooresville Wal-Mart parking lot, loading groceries into her vehicle. Ms. Jackson—who was sixty-five years old at the time of trial—had parked her car "in one of the furtherest [sic] rows out" in an effort to "get her exercise." Ms. Jackson was carrying her purse with its strap across her chest and over her opposite shoulder. Ms. Jackson noticed "a tall, thin, nicely dressed young black man with short hair" approaching her "[r]apidly" and in an "aggressive way." The man "grabbed [her] purse and yanked," but the strap did not immediately break. Ms. Jackson pushed her attacker, prompting him to strike her in the face, knocking her glasses off. The attacker "pulled the purse again" causing the strap to break and "then took the purse and ran and jumped in his car and drove away." Several eyewitnesses testified consistently with Ms. Jackson's account of the assault and purse-snatching.

Detective John Vanderbilt of the Mooresville Police Department investigated the incident. After compiling information from various witness statements, Detective Vanderbilt entered the information into a computerized system which allows law enforcement agencies to share information that may be of "investigative significance." Detective Vanderbilt entered information concerning the suspect's description, his vehicle's description and his "M.O."[1] The "M.O." Detective Vanderbilt entered for this incident was: "Wal-Mart parking lot, daylight, lone female loading groceries into the car, purse stolen, and an assault took place." The Statesville Police Department responded to the information entered by Detective Vanderbilt with information about an incident that occurred six weeks earlier where a suspect was apprehended. Based on the similarities in the two events, Detective Vanderbilt included a photo of the suspect from the Statesville incident in a photo lineup. One of the eyewitnesses to the 18 July 2009 Mooresville incident made a positive identification of the Statesville suspect as the perpetrator of the Mooresville crime. The photo was of defendant.

At trial, the State presented evidence from Jesse Harding, pursuant to N.C.G.S. § 8C-1, Rule 404(b). Harding testified that on or about 3 June

---

1. Typically "M.O." stands for *modus operandi*, a "method of operating or a manner of procedure; esp. a pattern of criminal behavior so distinctive that investigators attribute it to the work of the same person." *Black's Law Dictionary* 1026 (8th ed. 2004).

2009, he was in his car in the parking lot between the Cracker Barrel and Golden China in Statesville, North Carolina. The parking lot is situated near the Wal-Mart in Statesville, sharing "the same parking area." Harding was on his cell phone when he heard a woman screaming and noticed a person he identified as defendant running by his car carrying a purse. Harding gave chase in his car and eventually "jumped out and got [defendant]." Harding physically restrained defendant until the police arrived.

A jury found defendant guilty on both charges. The trial court arrested judgment on the assault charge because the offenses occurred at the same time and share common elements. Defendant was sentenced to not less than sixteen and not more than twenty months imprisonment. Defendant appeals.

---

**[1]** Defendant seeks review by petition for writ of certiorari. Defendant's petition was occasioned by defendant's trial counsel failing to give oral notice of appeal at trial and then providing written notice of appeal that does not comply with the requirements of North Carolina Rule of Appellate Procedure 4. "The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . ." N.C.R. App. P. 21(a)(1). "Appropriate circumstances" may include when a defendant's right to appeal has been lost because of a failure of his or her trial counsel to give proper notice of appeal. *See State v. Hammonds*, __ N.C. App. __, __, 720 S.E.2d 820, 823 (2012) (granting certiorari when it was "readily apparent" that defendant lost his right to appeal "through no fault of his own, but rather as a result of sloppy drafting of counsel" and because not issuing a writ of certiorari would have been "manifestly unjust"). As the circumstances in this case are similar to those in *Hammonds*, we exercise our discretion and allow defendant's petition for writ of certiorari pursuant to North Carolina Rule of Appellate Procedure 21(a)(1).

**[2]** Defendant's sole argument on appeal is that the trial court erred when it admitted evidence under N.C.G.S. § 8C-1, Rule 404(b) of the previous purse-snatching crime committed by defendant. Specifically, defendant contends the evidence was erroneously admitted because "[t]he proffered other crimes evidence in this case does not have the 'substantial evidence of similarity' required in order for [the] testimony to be admissible under Rule 404(b)."

"We review de novo the legal conclusion that the evidence is, or is not, within the coverage of Rule 404(b)." *State v. Beckelheimer*, 366 N.C.

127, 130, 726 S.E.2d 156, 159 (2012). N.C.R. Evid. 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C. Gen. Stat. § 8C-1, Rule 404(b) (2011). However, the evidence may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, entrapment or accident." *Id.* The enumerated list of permissible purposes in the rule is not exclusive, *State v. Bagley*, 321 N.C. 201, 206, 362 S.E.2d 244, 247 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988), and, in fact, "other crimes, wrongs, or acts" evidence need only be "relevant to any fact or issue other than the character of the accused" to be admissible. *State v. Weaver*, 318 N.C. 400, 403, 348 S.E.2d 791, 793 (1986). Even if relevant, 404(b) evidence is also "constrained by the requirements of similarity and temporal proximity." *State v. Al–Bayyinah*, 356 N.C. 150, 154, 567 S.E.2d 120, 123 (2002), *appeal after new trial*, 359 N.C. 741, 616 S.E.2d 500 (2005). "A prior act or crime is sufficiently similar to warrant admissibility under Rule 404(b) if there are some unusual facts present in both crimes or particularly similar acts which would indicate that the same person committed both crimes." *State v. Sokolowski*, 351 N.C. 137, 150, 522 S.E.2d 65, 73 (1999) (internal quotation marks omitted). The similarities need not "rise to the level of the unique and bizarre." *State v. Green*, 321 N.C. 594, 604, 365 S.E.2d 587, 593, *cert. denied*, 488 U.S. 900, 102 L. Ed. 2d 235 (1988).

In this case, the trial court announced findings from the bench concerning the similarities between the two crimes:

> [E]ach of these incidents occurred in or in the vicinity of a Wal-Mart parking lot; that each of the victims in this matter were female and alone; that each of the incidents involved a common law robbery, the purse snatching, a grab and dash type of crime; that these incidents occurred within six weeks of one another, one in Statesville, one in Mooresville, which are approximately 20 miles apart; and in each incident, the alleged perpetrator of the crime in each incident was a black male.

The trial court then concluded:

> The court in this matter is going to find that the crimes and the elements, facts and circumstances surrounding the crimes are significantly similar enough to one another that the state's purpose or intent to use the

404-B evidence is to identify the defendant and showed a common scheme or plan in this matter.

Defendant contends that the similarities in the two incidents are "nothing more than the characteristics inherent in most purse-snatching type robberies, and the court ignored substantial differences between the two crimes." Defendant cites escaping on foot versus by car and the fact that the perpetrator wore a "do-rag" in the first incident versus being bareheaded in the second. We disagree.

In this case, the common locations, victims, type of crime, and proximity in time are sufficiently similar that the 404(b) evidence was properly admitted. We believe the facts present in both crimes amount to "particularly similar acts which would indicate that the same person committed both crimes." *See Sokolowski*, 351 N.C. at 150, 522 S.E.2d at 73. Defendant's contention that the perpetrator's lack of a "do-rag" during the second crime prevents the crimes from being substantially similar amounts to requiring the facts "rise to the level of the unique and bizarre," which our case law does not require. *See Green*, 321 N.C. at 604, 365 S.E.2d at 593. Therefore, defendant's argument is without merit.

No error.

Judges ELMORE and HUNTER, JR. concur.