IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-385

 Filed: 17 December 2019

Mecklenburg County, No. 16CRS212439

STATE OF NORTH CAROLINA

 v.

JERVARE MOQUAN WISE, Defendant.

 Appeal by Defendant from judgment entered 11 October 2018 by Judge Lisa C.

Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 14

November 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Barry H.
 Bloch, for the State.

 Cooley Law Office, by Craig M. Cooley, for the Defendant.

 DILLON, Judge.

 Defendant Jervare Moquan Wise appeals from a judgment finding him guilty

of attempted robbery with a dangerous weapon. After careful review, we conclude

that the trial court committed reversible error by not instructing the jury on the lesser

included offenses of common law robbery.

 I. Background

 Defendant was arrested and tried by a jury for attempted robbery with a

firearm based on events that occurred at a convenience store.
 STATE V. WISE

 Opinion of the Court

 The evidence introduced by the State at trial tended to show as follows:

 On 30 March 2016, Defendant and another man entered a convenience store

shortly before midnight. Defendant jumped over the counter, pointed what appeared

to be a gun at the store clerk and demanded money. When the store clerk replied

that he had already put the register’s money in the safe, both men fled the scene.

 The detective testified at trial that during the investigation Defendant

admitted to the attempted robbery but claimed that the gun was actually a BB gun

painted black. No gun or BB gun was ever recovered.

 During the charge conference, Defendant requested jury instructions on

attempted common law robbery and simple assault, lesser included offenses of

attempted robbery with a dangerous weapon. The trial court denied Defendant’s

request and instructed the jury on the charge of attempted robbery with a firearm.

 Defendant was found guilty of attempted robbery with a firearm. Defendant

timely appealed to our Court.

 II. Analysis

 Defendant argues that the trial court erred in refusing to give jury instructions

concerning simple assault and attempted common law robbery. We review this

argument de novo. See, e.g., State v. Ligon, 332 N.C. 224, 241-42, 420 S.E.2d 136,

146-47 (1992).

 -2-
 STATE V. WISE

 Opinion of the Court

 Defendant, here, was convicted of armed robbery with a dangerous weapon

under N.C. Gen. Stat. § 14-87. The crime of “common law robbery” is a lesser included

offense of armed robbery with a dangerous weapon, the difference being that common

law robbery does not require proof that the defendant used a firearm or dangerous

weapon. State v. Langley, 371 N.C. 389, 396, 817 S.E.2d 191, 197 (2018).

 Our Supreme Court has held that a trial court is required to instruct the jury

on lesser included offenses “whenever there is some evidence to support it,” State v.

Wright, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981) (emphasis in original) (citations

omitted), and that “[t]he test is whether there is the presence, or absence, of any

evidence in the record which might convince a rational trier of fact to convict the

defendant of a less grievous offense.” State v. Millsaps, 356 N.C. 556, 562, 572 S.E.2d

767, 772 (2002) (internal marks omitted) (citation omitted).

 Our Supreme Court has further held that “the failure to [instruct the jury on

a lesser included offense] constitutes reversible error that cannot be cured by a verdict

finding the defendant guilty of the greater offense.” State v. Lawrence, 352 N.C. 1,

19, 530 S.E.2d 807, 819 (2000).

 With regard to robbery, our Supreme Court has instructed that when the

implement used appears to be a firearm, the law presumes, in the absence of any

evidence to the contrary, that the implement is, in fact, a firearm, whereupon no

instruction for common law robbery need be given. See, e.g., State v. Joyner, 312 N.C.

 -3-
 STATE V. WISE

 Opinion of the Court

779, 782, 324 S.E.2d 841, 844 (1985). However, if there is any evidence – whether

offered by the State or by the defendant – that the implement used was not a deadly

weapon, then the trial court must also instruct the jury on common law robbery:

 The mandatory presumption [that the implement was, in
 fact, a deadly weapon], however, is of the type which
 merely requires the defendant to come forward with some
 evidence (or take advantage of evidence already offered by
 the prosecution) to rebut the connection between the basic
 and elemental facts. Therefore, when any evidence is
 introduced tending to show that the life of the victim was
 not endangered or threatened, the mandatory presumption
 disappears, leaving only a mere permissive inference. . . .
 Such evidence . . . require[s] the trial court to permit the
 jury also to consider a possible verdict of guilty of the lesser
 included offense of common law robbery.

Id. at 783-84, 324 S.E.2d at 844-45 (emphasis in the original).

 In this case, Defendant argued that he was entitled to an instruction on the

lesser included offense of common law robbery because the State put forth some

evidence that the weapon used was a BB gun and a BB gun is not a dangerous

weapon.

 The resolution of this case is controlled by our Supreme Court’s holding in State

v. Alston, 305 N.C. 647, 290 S.E.2d 614 (1982). In that case, the State put forth

evidence that the weapon used was a .22 rifle. Id. at 649, 290 S.E.2d at 615. But the

State also put on evidence from another witness that the weapon used was a BB gun.

Id. at 650, 290 S.E.2d at 616. Our Supreme Court held that the latter testimony “that

the rifle was a BB rifle constituted affirmative evidence . . . [and] that the victims’

 -4-
 STATE V. WISE

 Opinion of the Court

lives were not endangered . . . required the submission of the case to the jury on the

lesser included offense of common law robbery as well as the greater offense of

robbery with firearms or other dangerous weapons.” Id. at 651, 290 S.E.2d at 616.

See also State v. Allen, 317 N.C. 119, 123, 343 S.E.2d 893, 896 (1986) (recognizing

that a BB rifle is not a firearm or dangerous weapon within the meaning of the

robbery statute).

 Based on our Supreme Court precedent, had that State’s witness not testified

that Defendant had claimed the weapon he used was a BB gun, then an instruction

on the crime of common law robbery would not have been required. But since the

witness did so testify, the trial court was required to instruct on common law robbery.

Defendant’s hearsay statement that the gun was a BB gun made to the detective is

substantive evidence on this issue, though offered by the State. See N.C. Gen. Stat.

§ 8C-1, Rule 801(d) (out-of-court statement by party-opponent is an exception to

hearsay); see also Joyner, 312 N.C. at 782, 324 S.E.2d at 844 (a defendant is entitled

to instruction on lesser included offense of common law robbery where either the

State or the defendant offers evidence that the weapon used was not a firearm).

 III. Conclusion

 The trial court was required to instruct the jury on the lesser included offense

of common law robbery. Since the trial court failed to do so, we are compelled by

 -5-
 STATE V. WISE

 Opinion of the Court

Supreme Court precedent to vacate the judgment against him for armed robbery with

a firearm and remand for a new trial.

 NEW TRIAL.

 Judges DIETZ and ARROWOOD concur.

 -6-